[Civ. No. 15790. Second Dist., Div. Two. May 19, 1947.]

Estate of NATHAN W. SHAPIRO, Deceased. HARRY SHERWOOD et al., Appellants, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

A. Joseph Shapiro for Appellants.

No appearance for respondent.

McCOMB, J.—This is an appeal from an order of the probate court denying the petition of Harry Sherwood (formerly known as Harry Shapiro) to be reappointed as sole

trustee *without bond* of the testamentary trusts created by the will of Nathan W. Shapiro.

The undisputed facts are these:

Nathan W. Shapiro died December 20, 1936, leaving surviving as his sole heirs his wife, Rose Rabenowitz, two adult sons, Harry Sherwood (petitioner herein) and Joseph Shapiro, and one adult daughter, Charlotte Lewis. By his last will and testament decedent appointed two brothers and petitioner, or the survivors or survivor of them, to act as trustees of certain trusts provided for in his will. There was no provision in the will that the trustees post security. The two brothers declined to act as trustees and consented that petitioner act as sole trustee. Accordingly, in a decree of distribution made on July 25, 1938, the bulk of decedent's estate was distributed to petitioner as sole trustee, to act *without bond*. Petitioner so acted continuously until July 31, 1942.

On July 10, 1942, petitioner was inducted into the armed forces of the United States, at which time he petitioned the probate court to accept his resignation as trustee, expressly providing that such resignation was "without prejudice to his reappointment as sole trustee of such trusts at such time in the future as he is able to devote the necessary time and attention to the duties of such trusteeship." In his petition he requested that his sister, Charlotte Lewis, be appointed as trustee to act in his stead during the period of his military service, and without prejudice to his reappointment as sole trustee upon the termination of such service. The sister petitioned to be appointed trustee "without prejudice to the reappointment of Harry Shapiro as sole trustee of such trusts being administered in the matter of this estate, at such time in the future as said Harry Shapiro will again be able to assume the duties of such trusteeship." On July 31, 1942, the probate court made an order accepting petitioner's resignation and appointing Charlotte Lewis as trustee "without prejudice to the reappointment of Harry Shapiro as sole trustee."

Petitioner Sherwood on October 18, 1945, was honorably discharged from the Army of the United States of America. Thereafter Charlotte Lewis filed her resignation as trustee, requesting that it be accepted and that petitioner be reappointed as sole trustee of the trusts created by decedent. Concurrently therewith the present petition was filed. At

the time of the hearing on said petition Rose Rabenowitz, Charlotte Lewis, Joseph Shapiro and Harry Sherwood, being all of the beneficiaries under the trusts and comprising all of the heirs at law of the decedent, filed their consent in writing that petitioner be reappointed as sole trustee of said trusts, *without bond.* Likewise it is to be noted that there were no creditors of the trust estate. The judge of the probate court, being of the opinion that he lacked jurisdiction to grant Harry Sherwood's petition for appointment as sole trustee *without bond* by virtue of section 1127* of the Probate Code, denied his application.

 This is the sole question presented for our determination:

*Can all the beneficiaries of a testamentary trust waive the provision of section 1127 of the Probate Code which requires a trustee appointed to fill a vacancy in a testamentary trust to give a bond before acting?*

This question must be answered in the affirmative. Any person may waive the advantages of a law intended solely for his benefit. (Civ. Code, § 3513; *Leonard* v. *Board of Education,* 36 Cal.App.2d 595, 599 [97 P.2d 1032].) The general law on this subject is aptly stated in 25 California Jurisprudence (1926) at page 929, Waiver, section 4, as follows: "A person may waive any civil right and the benefit of any statute or code provision in respect of his rights and obligations, unless such waiver would be against public policy. Indeed, it is one of the maxims of jurisprudence that 'anyone may waive the advantage of a law intended solely for his benefit.' "

---

*Sections 1126 and 1127 of the Probate Code read:

"1126. If a trustee of a testamentary trust dies, resigns or is removed after distribution, and a vacancy in the trusteeship is created thereby, the court which had jurisdiction over the settlement of his accounts shall have the power to appoint a new trustee to fill the vacancy, upon the petition of anyone interested in the trust estate and notice given for the period and in the manner required by section 1200 of this code. The petitioner shall cause notice of the hearing to be mailed to the beneficiaries at their last known addresses, as provided in said section 1200, whether they have requested special notice or given notice of appearance or not.

"1127. The person appointed under section 1125 or section 1126 of this code, before acting as trustee, shall give a bond such as is required of a person appointed administrator. He shall be allowed the cost of such bond to the extent provided by section 541.5."

It is clear that the requirement of section 1127 of the Probate Code that the trustee furnish a bond is for the benefit of the beneficiaries and creditors of a trust. Hence, since there are no creditors, the beneficiaries of the trusts herein were entitled to waive the advantages of the law intended for their benefit. This they did, and the probate court had jurisdiction to appoint petitioner as trustee of the testamentary trust *without bond*.

For the foregoing reasons the order is reversed and the probate court is directed to make an order in conformity with the views herein expressed.

Moore, P. J., and Wilson, J., concurred.