506

## UNITED STATES v. MILLER et al.
### Civ. No. 1458.

United States District Court
M. D. Pennsylvania.
Dec. 22, 1949.

Arthur A. Maguire, United States Attorney, Scranton, Pa., Thomas Wood, Jr., Assistant United States Attorney, Lewisburg, Pa., for plaintiff.

Spencer W. Hill, Williamsport, Pa., for defendants.

FOLLMER, District Judge.

This is a suit originally instituted by the Administrator, Office of Price Administration[1], for injunctive relief and treble damages under the provisions, specifically, of Revised Maximum Price Regulation 169 and, generally, of Emergency Price Control Act of 1942, as amended, 50 U.S.C.A. Appendix, § 901 et seq.

1. By Order of Court under date of June 11, 1947, the United States was substituted as party plaintiff.

The matter is presently before the Court on motion of defendants in the nature of a Bill of Review to vacate and set aside a default judgment taken by plaintiff against defendants and to permit defendants to file Answer to the original Complaint and thereafter to proceed by hearing or trial on the merits of the case.

On the basis of the pleadings, and after the taking of testimony, the filing of briefs, and argument, I make the following

### Findings of Fact.

1. On August 28, 1944, Chester Bowles, Administrator, Office of Price Administration, filed a Complaint against defendants alleging certain violations of Revised Maximum Price Regulation 169 during the previous year.

2. Thereafter, on September 14, 1944, the defendants executed the following Stipulation and Consent, "We, John H. Miller and William Marland Miller, individually and as co-partners trading as Miller's All Pork Products, defendants herein, do hereby submit to the jurisdiction of the United States District Court for the Middle District of Pennsylvania in the within cause of action; we do hereby admit the allegations of Counts Seven, Eight, Ten and Eleven of the Complaint; and we do hereby consent to the issuance of a Final Decree of Injunction, without further hearing or trial or findings of fact or conclusions of law; but we do specifically reserve the right to file an answer to the remaining Counts of the Complaint; and we do further agree that, in the event that said answer is filed, a hearing on the merits shall then be had as relates only to said Counts, unless, in the meantime, the parties shall have agreed to the entry of a judgment for damages in a specific sum subject to the approval of the Court."

3. The above Stipulation was filed September 16, 1944, and on the same day an order and decree was entered enjoining defendants from certain acts, and directing them to comply with the provisions of Revised Maximum Price Regulation 169 and with the Emergency Price Control Act of 1942, as amended, generally.

4. Nothing further was done and no requests for further conferences were made by plaintiff for approximately two years or until April 24, 1946, when Stephen Gombar, Chief of the Food Enforcement Section of the plaintiff agency, sent a letter to counsel for defendants, stating that the matter should be disposed of by some amicable settlement or by trial of the case at an early date, and requesting that a conference be held in the matter.

5. Without prior conference or notification of any sort, plaintiff, on August 29, 1946, filed with the Clerk of the Court an Affidavit of Default and a Praecipe for Default and Judgment, and caused judgment to be entered and damages assessed against the defendants by the Clerk in the sum of $24,780.60, with interest from August 28, 1944. This Affidavit of Default was executed by Paul E. Pendel, Attorney for plaintiff, and contained, inter alia, this statement, "defendants, although duly served with a copy of the complaint in the said above entitled case by the United States Marshal for the Middle District of Pennsylvania, have failed to appear, plead or otherwise defend as provided by the Rules of Civil Procedure for District Courts of the United States,".

6. The Complaint alleged overcharges by the defendants in the amount of $8,260.-20 and demanded judgment in three times that amount, as provided by Section 205(e) of the Emergency Price Control Act of 1942, as amended.

7. The figure of $8,260.20 was arbitrarily arrived at by plaintiff on an analysis of the March 1944 sales slips of defendants.

8. Although defendants' attorney did not enter a formal appearance by praecipe, the attorneys for plaintiff knew that defendants had an attorney and dealt with him as such.

9. Plaintiff did not give defendants or their counsel any written notice of the application for default judgment prior to the entry thereof.

## Discussion.

■ Amended Rule 60(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., details the scope and sets up the procedure for securing relief from a final judgment or order. As stated in United States v. Backofen, 3 Cir., 176 F.2d 263, 265, the rule, as amended, "among other things, increased from six months to a year the time for making the motion for relief from a judgment on the ground of mistake, inadvertence, surprise or excusable neglect. It added to the rule the power of the Court to relieve the party from a final judgment for 'any other reason justifying relief from the operation of the judgment.' This provision carries no limitation of time other than the general restriction applying to the motion whatever its basis, namely, that 'the motion shall be made within a reasonable time * * *.'" The court quoted from the opinion of the court in Klapprott v. United States, 335 U.S. 601, judgment modified 336 U.S. 942, 69 S.Ct. 384, 398, "Petitioner should be afforded the benefit of the more liberal amended 60(b). For Rule 86 (b) made amended 60(b) applicable to 'further proceedings in actions then pending' unless it 'would work injustice' so to apply the rule. It seems inconceivable that one could think it would work any injustice to the Government to measure the petitioner's rights by this amended rule in this case where all he asks is a chance to try the denaturalization proceeding on its merits. Amended Rule 60(b) should be applied." That in my judgment is the precise situation here.

■ The Affidavit of Default and Amount Due executed by the attorney for the plaintiff, averred, inter alia, "that from an inspection made of the records in the above entitled case, John H. Miller and William Marland Miller t/a Miller's All Pork Products, the above named defendants, although duly served with a copy of the complaint in the said above entitled case by the United States Marshal for the Middle District of Pennsylvania, have failed to appear, plead or otherwise defend as provided by the Rules of Civil Procedure for District Courts of the United States, and that the amount due under said claim is $24,780.60, together with interest thereon at the rate of six (6%) per cent, per annum, from August 28, 1944."

While it is true that a formal appearance for defendants by praecipe is lacking here, the defendants and their attorney did appear by the filed Stipulation on which the Court Order of September 16, 1944, was predicated and which covered four counts of the Complaint. In this connection it is highly significant that the backer on the Stipulation carries the typed endorsement of the attorney for plaintiff and gives every evidence that the Stipulation was prepared by plaintiff. So far as this situation is concerned, I can see no magic in the mere filing of a praecipe for appearance. The defendants and their counsel did appear and by reason of their appearance plaintiff secured an order. See Interstate Commerce Commission v. Smith, D.C.E.D.Pa., 82 F.Supp. 39.

■ Furthermore, the Complaint charges that the defendants for and during the period of one year immediately prior to the filing thereof, to wit, August 28, 1944, sold commodities at prices that exceeded the respective maximum prices therefor established by the Regulations, and that the amount of said overcharges during said one year period was $8,260.20. Judgment was taken for three times the amount of said overcharges or $24,780.60. It is undisputed that in arriving at the amount of the overcharges plaintiff examined only the sales sheets of defendants for the month of March 1944, which, incidentally, defendants contend reflected its largest monthly volume of sales for the said yearly period. This, in my judgment, is not such sum certain as is contemplated by the Rule, nor is it such sum as can by computation be made certain.

Under the provisions of Rule 55(b) (1) and (2), judgment by default may be entered (1) by the Clerk, where plaintiff's claim against defendant is for a sum certain or for a sum which can by computation be made certain, if defendant has failed to appear; (2) by the Court, where party against whom judgment by default is sought has appeared after service of written notice of the application for judgment at least

three days prior to the hearing on such application.

On either hypothesis, the entry of this judgment was bad. The Clerk was without power to enter the judgment, first, because the defendants had appeared, and secondly, because the amount due set forth in the Affidavit of Default was not a sum certain nor such sum as could by computation be made certain.

Plaintiff is here seeking to enforce against the defendants treble damages on an alleged violation predicated on a pure guess as to the base amount of the sales for a given period. This to my mind is clearly unconscionable and places the case squarely within the purview of the sixth category of Amended Rule 60(b) "any other reason justifying relief from the operation of the judgment."

The failure of counsel for defendants to formally enter his appearance by praecipe is not to be condoned but, on the contrary, the claim of the plaintiff, which in this case might well work complete disaster, should be built on something more substantial than guess work or estimates.

Conclusions of Law

1. The appearance of defendants and their attorney by filed Stipulation and Consent was sufficient to take them out of the purview of Rule 55(b) (1).

2. The amount of the plaintiff's claim on which the judgment was predicated was not for a sum certain or for a sum which could by computation be made certain within the purview of Rule 55(b) (1).

3. The Clerk was without authority to enter judgment and assess damages against the defendants under Rule 55(b) (1).

4. Defendants are entitled to a trial on the merits.

Order.

Default judgment entered in this Court to Civil Action No. 1458 as of August 29, 1946, in the amount of $24,780.60, is hereby vacated and set aside, and defendants are directed to file Answer to the Complaint within thirty days from the date of the entry of this Order.