168

First National Bank of Milford *v.* Department of Banking and Bank of Matamoras, Additional Party.

Argued November 5, 1971, and reargued January 5, 1972, before President Judge BOWMAN and Judges

CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER and ROGERS.

*Henry T. Reath,* with him *Robert L. Pratter* and *Duane, Morris & Herkscher,* for appellant.

*C. Lawrence Rutstein,* Assistant Attorney General, with him *Gerald Gornish,* Deputy Attorney General, and *J. Shane Creamer,* Attorney General, for appellee.

*Martin P. Snyder,* with him *Morgan, Lewis & Bockius, J. Wesley Oler* and *Krawitz, Sigal & Ridley,* for Additional Party.

OPINION BY JUDGE MENCER, January 21, 1972:

The First National Bank of Milford has filed this appeal from the order of the Department of Banking, dated June 11, 1971, approving the application of The Bank of Matamoras to establish a branch bank in Milford, Pennsylvania. Our jurisdiction is properly invoked under Section 403(1) of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P. L.    , No. 223, 17 P.S. §211.403(1). The Bank of Matamoras filed its application on December 17, 1970 and The First National Bank of Milford filed a protest to this application on January 26, 1971. After receiving the protest,

the Department of Banking scheduled a hearing for March 19, 1971. Prior to this hearing the Department of Banking only divulged to The First National Bank of Milford those portions of the application and supporting data deemed to be not confidential. We believe the failure to make the entire application and supporting data available to the protestant prior to hearing requires us to remand this case for further proceedings in accordance with the ruling of *Conestoga National Bank of Lancaster v. Patterson*, 442 Pa. 289, 275 A. 2d 6 (1971).

Since we remand in accordance with the holding of *Conestoga National Bank of Lancaster v. Patterson*, *supra*, we do not presently reach the merits of whether the Department of Banking erred in granting the application. In *Conestoga* it was held that procedural due process requirements under both the Fourteenth Amendment of the United States Constitution and Article V, §9 of the Pennsylvania Constitution mandate that prior to a hearing before the Department of Banking the protestant bank shall have access to the branch application and supporting data.

The Conestoga decision was made by our Supreme Court on March 18, 1971, and was reported in the June 18, 1971, advance reports of the official state reports. The hearing in this case was held on March 19, 1971, and the order of the Department of Banking from which appeal was taken was under date of June 11, 1971. Since *Conestoga* substantially changed the law in Pennsylvania as previously set forth in *Cement National Bank v. Department of Banking*, 425 Pa. 554, 230 A. 2d 209 (1967), and yet *Conestoga* was not officially reported to the profession until after the order of the Department of Banking, it would seem harsh to preclude the appellant from now asserting for the first time the rights given it by *Conestoga* because it did not

assert these rights prior to the time *Conestoga* appeared in the official advance reports. We cannot conclude that appellant waived the constitutional rights which were for the first time enunciated by *Conestoga*. A waiver is the intentional relinquishment of a known right. *Linda Coal and Supply Company v. Tasa Coal Company*, 416 Pa. 97, 204 A. 2d 451 (1964) ; *Brown v. Pittsburgh*, 409 Pa. 357, 186 A. 2d 399 (1962). To constitute a waiver of a legal right, there must be a clear, unequivocal and decisive act of the party with knowledge of such right and an evident purpose to surrender it. *Cole v. Philadelphia Company*, 345 Pa. 315, 26 A. 2d 920 (1942). We believe there was no waiver by appellant under the circumstances of this case. Further, a court may properly consider the constitutionality of a proceeding even though the question was not raised before the board or agency which passed on the merits of the proceeding. *Eller v. Board of Adjustment*, 414 Pa. 1, 198 A. 2d 863 (1964).

The order of the Department of Banking is vacated and the case remanded for a further hearing at which The First National Bank of Milford shall have the opportunity to present evidence and prior to which said bank shall have access to the application and supporting data submitted to the Department of Banking by The Bank of Matamoras.

------

DISSENTING OPINION BY JUDGE WILKINSON :

When the majority vacates the order of the Banking Board resulting from a unanimous decision of the Board after a full hearing, where the applicant and protestant presented and cross-examined witnesses, because the protestant was not supplied information from the application which he did not request prior to the hearing, or at the hearing, did not object to not re-

ceiving prior to the hearing, or at the hearing, nor even mentioned in his brief to the Board submitted after the hearing and before the decision, I must vigorously dissent.

The appellant filed its protest in the form of a 4-page letter, at the conclusion of which it asserted it was then prepared to appear at a hearing and document its protest in depth. It noticeably did not request any information from the Board much less any specific information, nor did it assert any deficiency in the information it needed to prepare or any inability to prepare. Again, to the contrary, it asserted it was then prepared to testify. At the hearing, prior to presenting its case, able counsel for the appellant made its only request of the Board when it asked:

"Mr. Beechard: I was wondering whether or not it would be possible at the close of the case for the Applicant if we might have some chance for rebuttal.

"Secretary Patterson: Oh, certainly. You will have a chance for cross-examination and rebuttal *and everything else.*" (Emphasis supplied.) I repeat, a careful examination of the record reveals this to be the only request made by the appellant raising its right to prepare and present its case and now, for the first time, before this appellate court, it is permitted to successfully assert it was denied its constitutional right of due process. I cannot agree that this action is required by *Conestoga National Bank of Lancaster, et al. v. Patterson,* 442 Pa. 289, 275 A. 2d 6 (1971). In that case the appellant requested a hearing or access to the application. It was denied both. Here there was no request *for either.* The Board, on its own initiative, sent appellant a copy of the application deleting what it considered confidential matter, *noting the deletions,* and scheduled a hearing. Appellant appeared at the hearing prepared to testify, offered its witnesses, cross-exam-

ined appellee's witnesses, and at no time objected to its failure to receive any information.

Finally, not even in the brief filed with the Board following the hearing did appellant complain, for indeed it had never made a request that had been denied, and, therefore, there was no basis to complain. Indeed, in the brief filed with the Board *following the hearing and after the testimony was transcribed and the record complete,* the appellant phrased the "Statement of Question Involved": "Has the Bank of Matamoras (Applicant) established that there is a community need for additional banking service such as it proposes by the establishment of a Branch Bank in Milford Borough, in the same block as the existing facilities of the First National Bank of Milford."

The record in this appeal contains all the information presented to the Banking Board. Even at this late date, appellant does not point to any factual information which was withheld which caused it surprise or concerning which had it been informed in advance it would have been prepared to present additional explanatory or contradictory evidence. Absent such an assertion, how could lack of such information in advance be prejudicial?

Neither the majority nor the appellant cites any case that would justify this action. The cases contra are legion. *Altman v. Ryan,* 435 Pa. 401, 257 A. 2d 583 (1969) ; *Wynnewood Civil Association v. Lower Merion Township Board of Adjustment,* 406 Pa. 413, 179 A. 2d 649 (1962). Appellant cites the Administrative Agency Law, Act of June 4, 1945, P. L. 1388, as amended, 71 P.S. §1710.1, *et seq.,* as conferring jurisdiction on this Court. This is quite correct, and this Act specifically provides in Section 42, 71 P.S. 1710.42, that the appellant may not raise upon appeal any question (other than the validity of the statute) not raised before the Bank-

174

ing Board unless allowed by the court upon due cause shown. The majority accords appellant this extraordinary special right, not only without cause shown but, again, without even request by appellant.

I dissent.

President Judge BOWMAN joins in this opinion.