**VIRGIN ISLANDS NATIONAL BANK, Plaintiff**

v.

**TROPICAL VENTURES, INC. and WORLD RESORTS, LTD.,**
**Defendants**

Civil No. 658-1972

District Court of the Virgin Islands

Div. of St. Croix

March 23, 1973

430

MERWIN, ALEXANDER & O'BRIEN, Christiansted, St. Croix, V.I., *for plaintiff*

YOUNG, *Judge*

## MEMORANDUM OPINION AND ORDER

 This case has brought into question the constitutional permissibility of confession judgments, at least insofar as they are used as security for repayment of a loan. As the device is generally practiced, the debtor signs an irrevocable power of attorney at the time he receives his loan. This authorizes any lawyer to appear on his behalf and confess a judgment against him if he falls behind on his schedule of repayments. The judgment is usually for the remaining principal amount, accrued interest, and an attorney's fee; and the lawyer entering it is, of course, designated by the creditor and serving his interests. Confession judgments are thus a powerful means of security, since they immediately invoke the imprimatur of the court against the debtor, but the very involvement of the court makes due process questions relevant. Such questions may be serious enough: by the power of attorney the debtor has purportedly waived the right to notice of the proceedings against him, and the right to interpose an available defense on the merits. Since any rights may be waived, including these, I hold that the procedure is not prima facie defective. On the other hand, however, the showing of waiver must be more clearly made as the rights affected grow more important. Since the rights lost in a confession judgment are probably the most fundamental in

431

our legal system, I will further hold that the defendant must be afforded a full hearing on the voluntariness of his waiver before such a judgment may be entered against him.

A confession judgment has been sought in this case, based on the following sequence of events. The defendants, World Resorts, Ltd. and Tropical Ventures, Inc., were in need of a substantial sum of money. They approached the Virgin Islands National Bank ("the bank") on this matter and obtained a loan of $375,000. The loan was evidenced by a demand note for this amount plus interest, and was secured by a mortgage on a number of properties in St. Croix. On the same date as these documents, the defendants also signed a power of attorney authorizing a confession judgment against them in the event of a default. The defendants evidently did default shortly thereafter. The bank realized $150,000 from guarantees by third parties, and then on December 1, 1972, it filed suit for the balance under the note and the mortgage. The defendants were duly served and, after the time for filing an answer had passed, a local attorney confessed judgment on their behalf. The bank then approached the Clerk of Court and requested that a judgment be formally entered in its favor.

Initially, I must note that application to the Clerk was incorrect. The bank evidently selected this course in the belief that a confession judgment is essentially similar to a default judgment, which the Clerk may enter himself under Rule 55(b)(1) of the Federal Rules of Civil Procedure. There are, however, significant differences between the two situations. A confession judgment is still nominally an adversary proceeding, which characteristic removes it from the Clerk's purview under Rule 55. Moreover, this distinction is consistent with the policy behind the Rule. Where a defendant has been defaulted for

failure to appear at all, he may be fairly termed "at fault" and a summary procedure appears proper. The defendant in a confession judgment, however, may reasonably believe that he has waived his rights and thus resign himself to foregoing an attorney who will make a good-faith representation of his interests. His neglect of this matter is therefore less culpable, and it would be unjust to deprive the case of judicial scrutiny on that account.[1] Judicial entry of judgment is the norm, departure from which is narrowly restricted. This is illustrated by the variety of responses which, even if legally insufficient as pleadings, will constitute an "appearance" by the defendant and hence preclude entry of default judgment by the Clerk. See, e.g., Dalminter, Inc. v. Jesse Edwards, Inc., 27 F.R.D. 491 (D.C. Tex. 1961) (defendant mailed letter to plaintiff's counsel as an "answer"); United States v. Edgewater Dyeing and Finishing Co., 21 F.R.D. 304 (E.D. Pa. 1957) (attorneys entered and then withdrew their appearance); United States v. Miller, 9 F.R.D. 506 (M.D. Pa. 1949) (appearance by stipulation).

 I will nonetheless treat the request for entry of judgment as if it had been filed with me directly. I must then address myself to the due process implications of the request. The threshold question is, of course, whether I may consider such issues sua sponte. I hold that I may, since the judge is ultimately responsible for the fair conduct of the litigation. This is amply illustrated by cases arising under Rule 59, subsection (d) of which provides that the judge may order a new trial, on his own initiative, for any reason which would justify a new trial on the motion of a party. Defects in due process are uniformly held to justify a new trial. See, e.g., Koufakis v. Carvel,

---

[1] The plaintiff's attorney acted with commendable candor on this matter, calling the Clerk's attention to the fact that it was unclear from which office the final judgment should be sought, and suggesting that the Clerk might wish to transmit the papers to me.

425 F.2d 892 (2nd Cir. 1970) (improper remarks of counsel); Pollard v. Fennell, 400 F.2d 421 (4th Cir. 1968) (misconduct by trial judge); Cherensky v. George Washington-East Motor Lodge, 317 F.Supp. 1401 (E.D. Pa. 1970) (jury verdict result of religious prejudice). Indeed, the judge is under a duty to give a new trial whenever needed to prevent injustice, see Peters v. Smith, 221 F.2d 721 (3rd Cir. 1955). Since the judge may do this in his sound discretion, he may certainly exercise the less drastic alternative of making sua sponte interlocutory rulings on due process questions.

 Thus reaching the merits, I find that confession judgments may indeed be permissible under due process, but they are not favored and there is a growing disinclination to permit them. Confession judgments involve a waiver of the rights to notice and an opportunity to be heard—perhaps the most important in our legal system. See Goldberg v. Kelly, 397 U.S. 254 (1970); Joint Anti-Fascist Refugee Committee v. McGrath, 341 U.S. 123, 170–72 (1951) (Frankfurter, J., concurring). It is true that any right, even the most important, may be waived. See D. H. Overmyer Co. v. Frick Co., 405 U.S. 174, 185 (1972) (confession judgment); National Equipment Rental, Ltd. v. Szukhent, 375 U.S. 311 (1964) (waiver of notice); cf. Illinois v. Allen, 397 U.S. 337, 342–43 (1970) (right of criminal defendant to be present at his own trial). But waivers may be both unjust and damaging to the integrity of the legal process, and so every reasonable presumption is indulged against them. See Aetna Ins. Co. v. Kennedy, 301 U.S. 389, 393 (1937) (civil case); Johnson v. Zerbst, 304 U.S. 458, 464 (1938) (criminal case). The presumption grows stronger as the rights become more important, and as the party alleged to have waived them becomes less sophisticated and less apt to have penetrated the fine print. This may be seen by comparing two confession

judgment cases which reached the Supreme Court last Term. In D. H. Overmyer Co. v. Frick Co., 405 U.S. 174 (1972), the defendant was a large corporation, was assisted by its own counsel when the power of attorney was signed, and received additional consideration for its signature. The Court had little difficulty in finding a voluntary waiver. By contrast, dicta in both this case and another strongly indicate that an uneducated person signing a form contract will not be presumed to understand, and hence voluntarily assent to, a waiver clause inserted in it. See id. at 188; Fuentes v. Shevin, 407 U.S. 67 (1972), noted in The Supreme Court—1971 Term, 86 Harv. L. Rev. 1, 85 (1972).

■ This posture of the case law convinces me that an evidentiary hearing should be offered, to determine whether the waiver was knowingly and voluntarily made, before a confession judgment may be entered. At first blush the defendants here seem clearly akin to those in Overmyer, in that they are corporations dealing in large sums of money and represented by relatively sophisticated businessmen.[2] Nonetheless, this is a question of fact which I would hesitate to dispose of through rules of thumb, however reasonable; to do so could create an unwelcome precedent for more marginal cases. Rather, due process seems to require at least the opportunity to examine this issue judicially. Similar conclusions were reached in Swarb v. Lennox, 314 F.Supp. 1091, 1103 (E.D. Pa. 1970) (three-judge court) and in Osmond v. Spence, Civ. No. 3940 (D. Del. June 13, 1972), on remand from 405 U.S. 971 (1972), vacating (in light of Overmyer) 327 F.Supp. 1349 (D. Del. 1971), noted in 86 Harv. L. Rev. at 94 & n. 57 (1972). Moreover, the hearing in question need not be terribly burdensome. If the issue is fairly clear the defendants may

---

[2] In addition, the power of attorney signed here was typewritten into a relatively short document rather than being buried in a lengthy printed form.

not contest it at all; or even if it is contested, it might be appropriately decided on the basis of affidavits alone. The important point, however, is that the defendants be specifically notified of their opportunity to challenge the waiver.[3]

 At this hearing the burden of proof will be on the defendants to show that their power of attorney—their waiver—was not knowingly and voluntarily given. A three-judge district court in this Circuit admittedly came to the opposite conclusion, and implicitly charged the creditor with proving that the waiver *was* valid. Swarb v. Lennox, 314 F.Supp. 1091, 1103 (E.D. Pa. 1970). With deference, however, I must disagree. Once the defendant's signature has been shown on a waiver document, then I think the creditor has made out a prima facie case. The defendant may counter by claiming a lack of knowledge, but this seems best understood as an affirmative defense which he has the burden of sustaining. As a practical matter the average defendant may not find it difficult to meet this burden. He can allege a lack of understanding and, unless external circumstances suggest the contrary,[4] it will be nearly impossible for the creditor to rebut this testimony. For this reason, creditors may in the future desire to make these external circumstances a part of the record—for example, by putting the power of attorney in a typeface and wording so clear that no defendant could plausibly claim to have been ignorant of it.[5]

---

[3] If successful in this challenge, of course, the defendants do not automatically prevail in the litigation. The matter will then merely proceed to a trial on the merits.

[4] A clear example of such circumstances was found in Overmyer, where the defendant corporation was assisted by counsel when it signed its waiver, and where it received additional consideration in exchange for the waiver.

[5] This is required by statute in some jurisdictions. The Ohio statute, for example, is set out in D. H. Overmyer Co. v. Frick Co., 405 U.S. 175 n. 1 (1972).

 If the defendants did sign a valid waiver, and did subsequently default, then they may[6] be foreclosed from presenting certain defenses on the merits. There is one "defense," however, which I will apply at this time to modify the sum collectible if a confession judgment is ultimately entered. The power of attorney authorized, inter alia, confession of an attorney's fee equal to ten percent of the total amount due. This clause is, I think, better characterized as a penalty then as liquidated damages. There has been no effort made to estimate the actual damages—i.e., the actual legal costs of procuring a judgment against the defendants. The percentage device is far too crude for this purpose, since procuring a confession judgment requires certain steps regardless of the sum to be collected, but once these steps are taken the time involved does not increase in proportion to that sum. This is certainly true as the principal sum becomes very large, since legal fees are being sought here in the amount of $26,198.00. Since this is not a compensatory figure it acts as a penalty on the defendants and thus is "unenforceable" under the Restatement of Contracts § 339. When a contract term is unenforceable, I believe the Court has a duty to strike it from any action brought on that contract, even if the action takes the form of a confession judgment and the term is not directly contested.[7] I will therefore reform the power of attorney to provide for a "reasonable" attorney's fee, since I believe this language will better and more precisely effectuate the intent of the parties.

---

[6] This issue has not been squarely presented and I do not decide it now.

[7] It is often easier to light on the proper doctrine by visualizing extreme factual situations. If the contract had called for "liquidated damages" of twice the face amount due, I do not believe any court would countenance that term—even if confession judgment were otherwise proper and the confessing attorney did not challenge it.

## ORDER

For the reasons set forth above, it is hereby ORDERED as follows:

1. The plaintiff's request for entry of final judgment is DENIED, without prejudice, until the defendants are offered an opportunity to be heard as to the knowing and voluntary character of their waiver.

2. For want of a better format, this hearing may be initiated by the plaintiff filing a motion to show cause why this action should not proceed as a confession judgment. Since the defendant has already been served, a copy of this motion, together with a copy of this Opinion, may merely be mailed to him at the best available address. Since the defendant has not retained his own counsel for purposes of this motion, however, he should have the motion in hand twenty days before this matter is heard.

3. The power of attorney, previously signed, is reformed to provide for a reasonable attorney's fee.