**JANET C. SLOHODA, Plaintiff**

v.

**JOHN SLOHODA, Defendant**

Civil No. 1626/1978

Territorial Court of the Virgin Islands
Div. of St. Croix at Christiansted

January 23, 1980

ALBERT A. SHEEN, Christiansted, St. Croix, V.I., *for the plaintiff*

JEFFREY L. RESNICK, Christiansted, St. Croix, V.I., *for the defendant*

SILVERLIGHT, *Judge*

## MEMORANDUM OPINION

Plaintiff herein seeks to recover unpaid alimony which allegedly accrued pursuant to a decree of divorce entered by The District Court of the Virgin Islands on February 20, 1979.[1] Defendant asserts as an affirmative defense, a waiver on the part of the plaintiff as well as a set off of a sum of money to which he claims entitlement from her. Except to the extent necessary to calculate the sums which became due and the sums which were paid, child support is neither sought nor is it relevant to the claims of either party. The evidence is largely uncontradicted, although each party urges that opposite inferences be drawn from it.

The Court finds that the parties were married on or about April 23, 1944.[2] Three children were born of the union,[3] only the youngest of whom was still a minor on February 20, 1970, the date upon which the parties were divorced. On January 28, 1970, immediately prior to the entry of the Decree by The District Court, the parties executed a "Separation Agreement"[4] which provided, among other

---

[1] Joint Exhibit No. 2.

[2] See paragraph 3, Joint Exhibit No. 3, Findings of Fact.

[3] See paragraph 4, Joint Exhibit No. 3, Findings of Fact.

[4] Joint Exhibit No. 1.

things, that it would not merge in any divorce decree which might subsequently be entered by any Court. The agreement was not incorporated in The District Court's Decree although the provisions of paragraph 3(a) and 3(b) of the agreement were set forth as paragraph 8 of the Findings of Fact and as paragraphs 3 and 4 of the Decree.[5] During the period June, 1970 through June, 1971, it is undisputed that the minor child resided with the defendant and accordingly no child support accrued or is sought for this period.

The accrued alimony for this period amounted to $1040.[6] For the period July, 1971 through December, 1971, it is agreed that combined alimony and support in the sum of $1690 accrued.[7] Thereafter, for the period January, 1972 through March 5, 1973, the additional sum of $3665 accrued as combined alimony and support.[8] The minor child of the marriage attained his majority on March 5, 1973 and accordingly only the sum of $20 per week as alimony accrued thereafter. I have computed this to be the sum of $400 to and including July 31, 1973[9] and $6580 to and including June 28, 1979, the date upon which hearing was held.[10] The parties have stipulated that payments totalling $6836.50 were made by the defendant between June, 1970 and July, 1973. The arrearage, therefore, which existed on the last day of July, 1973 was $258.50. Since that date, plaintiff contends that an additional $6180 has accrued. If plaintiff prevails, she will be entitled to judgment in the total sum of $6438.50[11] before consideration of defendant's claim.

Defendant alleges that plaintiff is indebted to him in the sum of $3500.00 pursuant to the terms of the Separation Agreement, the property referred to therein having been sold in or about July, 1973. He also alleges that defendant has waived her right to alimony by both her affirmative acts and her inaction.

The Court has carefully read the cases cited by both counsel to support their respective positions and upon consideration of the memoranda of counsel and its own research, has concluded that both parties must prevail in part.

---

[5] Alimony was ordered at the rate of $20.00 per week and child support at the rate of $45.00 per week.

[6] 52 weeks at $20.00 per week.

[7] 26 weeks at $65.00 per week.

[8] 61 weeks at $65.00 per week.

[9] 20 weeks at $20.00 per week.

[10] 329 weeks at $20.00 per week.

[11] Plaintiff seeks recovery for accrued but unpaid alimony to the date of hearing. See ad damnum clause of Complaint.

## A. *Waiver and Acquiescence*

 Plaintiff seeks to reduce unpaid and past-due installments of alimony to judgment in this action. There is no doubt that, upon presentation of appropriate proofs, she may do so for installments of alimony become matured debts upon their due date. Sistare v. Sistare, 30 S.Ct. 682; 218 U.S.1 (1910); Gottesman v. Gottesman, 202 So.2d 775 (Fla. 1967) and Kephart v. Kephart, 193 F.2d 677 (D.C. Cir., 1951) cert. denied 342 U.S. 944. Consequently, she may also waive her right to enforce collection of past-due and unpaid installments of alimony[12] for

> "[6, 7] Although no case has been found expressly holding that one may waive the benefit of any award for alimony and support, the law is well settled that one may waive any civil right (25 Cal. Jur. 929; In re Estate of Shapiro, 79 Cal. App.2d 731, 733, 181 P.2d 117), and that "[a]ny one may waive the advantage of law intended solely for his benefit." Civil Code § 3513. A wife may waive her right to alimony pendente lite (Patton v. Patton, 32 Cal.2d 520, 196 P.2d 909), and her right to avoid a transfer of community real property executed solely by her husband. Rice v. McCarthy, 73 Cal. App. 655, 239 P. 56. There appears to be no valid reason why a woman cannot also waive her right to a portion of the alimony and support provided for by a decree of divorce so as to relieve her former husband of a charge of contempt based upon a willful disobedience of said order. Graham v. Graham, 345 P.2d 316 (Cal. App. 1959).

Defendant alleges that plaintiff waived her right to accrued but unpaid alimony because she failed to take any steps to enforce the underlying decree of the Court from July 1, 1973, the date of the defendant's last payment, until the institution of this action on December 13, 1978, a period of approximately 5½ years. He further asserts that in July, 1973, plaintiff, by her affirmative statement in a telephone conversation with him[13] expressly waived any further payments.

---

[12] Since no claim is made by plaintiff for installments of alimony accruing in the future, the Court need not, and does not decide whether such installments may be waived.

[13] The following testimony of defendant appears at Tr. p. 18, lines 20 through 25 and p. 19, lines 1 through 11.

"I call her up and asked her where the $3500 she was suppose to send me. At that point, she said what $3500. I said the $3500 stipulated in the agreement. She said, 'oh' that $3500. At that point I said you check it, the $3500. At that point,

10

■ Waiver has been defined with some particularity in this jurisdiction in Marcelly v. Mohan et al., 16 V.I. 575 (Terr. Ct. Div. St. T. & St. J., Dec. 17, 1979) wherein Feuerzeig, J. said:

> It is well established that a "waiver" is an intentional relinquishment of a known right or privilege. Fay v. Noia, 372 U.S. 391 (1962). To constitute a waiver of a legal right, a party must have knowledge of such right and an evident purpose to surrender it. First National Bank of Milford v. Department of Banking, 4 Pa. Commw. 168, 286 A.2d 480, 482 (1972). Furthermore, relinquishment of the right must be voluntary. Schmidt v. Interstate Federal Savings & Loan Association, 74 F.R.D. 423 (D.D.C. 1977); United States v. Procter & Gamble Co., 25 F.R.D. 485 (D.N.J. 1960); see Virgin Islands National Bank v. Tropical Ventures, Inc., 9 V.I. 429, 358 F.Supp. 1203 (D.V.I. 1973).

Assuming arguendo that the statements attributed to the plaintiff during the telephone conversation[14] between the parties were in fact made, it cannot be said that they evidence an intentional relinquishment of her right to recover arrearages or that they indicate surrender of that right as their purpose. This is particularly clear when the statements are considered in conjunction with the letter from defendant to plaintiff, dated December 17, 1973,[15] which states in pertinent part:

> ". . . you have told him that I am in airearage (sic) and yet you have not shown where or why. . . ."

> "If you are referring to my airearage (sic) of $20.00 per week this was stopped with my layers (sic) advise (sic). If mom receives her check and you submit to me what I am behind in outside of the $20.00 per week, I will make up that difference. . . ."

■ This letter clearly established defendant's recognition of his existing arrearage, plaintiff's continuing request for payment, and defendant's intention to make payment.

Any valid waiver or acquiescence, therefore, must arise out of the passage of approximately 5½ years during which plaintiff made no attempt to enforce payment.

---

she said she was not going to send it to me. I said, suppose I stop sending the $20, and she said, 'I don't care, I don't need your $20 a week, I don't want it. I said, would you send that in writing, and she said, 'no.' My words were, good enough, and that is where the discussion ended."

[14] See fn. 7.

[15] Plaintiff's Exhibit No. 5.

█ The Court cannot, on this record, find that the defendant has established by a preponderance of the evidence that plaintiff voluntarily relinquished her right to enforce collection of alimony installments or that she intended to surrender that right.

I do not address the defense of laches or bar by Statute of Limitations, except to point out that our Statute of Limitations bars actions of this type only after the lapse of 6 years, see 5 V.I.C. § 31(3). Generally speaking laches follows the law insofar as time is concerned, and in any event, does not constitute a valid defense unless prejudice arising out of the delay is shown. 24 Am.Jur.2d, Divorce and Separation, § 71, and cases cited therein.

The record herein is devoid of evidence of such prejudice and I conclude that the suit herein was timely filed.

### B. The Separation Agreement

█ As has been stated, supra, the Separation Agreement executed by the parties on January 28, 1970, by its own terms, and by the failure of the Court to incorporate it in the Decree of Divorce, did not merge in the Decree. 24 Am.Jur.2d, Divorce and Separation, § 908. It is a contract, supported by valid consideration (the mutual promises recited in the instrument) and binding upon the parties.

Paragraph 5 of the Separation Agreement provides that:

> 5. PROPERTY SETTLEMENT. The parties hereto owned a dwelling house at 810 River Road, Chatham, New Jersey as Tenants by the Entirety. Husband shall quitclaim all of his right, title and interest in same to wife concurrently with the execution of this agreement, provided, however, that at such time that the property shall be sold, Husband shall receive the sum of Three Thousand Five Hundred Dollars ($3,500.00) from the sale proceeds.

██ Defendant's uncontroverted testimony establishes that the property in question was in fact sold in or about July, 1973, that the sum of $3500 required to be paid by plaintiff to defendant upon the sale has never been paid and that defendant demanded payment, at least by December 17, 1973.[16] No justification for withholding payment of this sum has ever been offered by plaintiff, nor does any reasonable justification appear to exist. Defendant is clearly entitled to recover on this claim, the sum of $3500, together with

---

[16] See fn. 9.

interest[17] on said sum from December 17, 1973, to June 30, 1974, at the rate of 6% per annum[18] and thereafter and to date at the rate of 9% per annum. It is hornbook law that interest commences to accrue upon the maturity of the debt and after demand is made. I have computed the interest for this period and find it to amount to $1845.55. When added to the principal debt, a total of $5345.55 is found to be due to defendant.

### C. Attorney's Fee

■ Both parties have prevailed as to a substantial issue in the case sub judice. Nominally, each party is entitled to an award of costs and reasonable attorney's fees pursuant to 5 V.I.C. § 541, but "It is in light of these considerations that the better practice is not to allow costs to either side where both have prevailed" (citations omitted). Cruz et al. v. Cruz (D.C.V.I., Division of St. Croix, November 5, 1979).

### D. Conclusion

For the foregoing reasons, the Court concludes that Plaintiff is entitled to judgment against the Defendant in the sum of $6438.50 as and for past due and unpaid installments of alimony to and including June 28, 1979, less a set-off to which Defendant is entitled, in the sum of $5345.55, or the net sum of $1092.95, each party to bear his or her own costs.

---

[17] Plaintiff did not seek to recover interest in her complaint but defendant expressly sought such recovery in paragraph 6 of his answer.

[18] 11 V.I.C. 959(a) was amended effective July 1, 1974 to increase rate on matured debts from 6% to 9% per annum.