[No. G023327. Fourth Dist., Div. Three. Oct. 29, 1998.]

Estate of DOROTHY H. CIBULK, Deceased.
ROY J. CIBULK, as Executor, etc., Petitioner and Appellant, v.
DAVID CIBULK et al., Claimants and Respondents.

**COUNSEL**

Robert M. Himrod for Petitioner and Appellant.

No appearance for Claimants and Respondents.[1]

**OPINION**

**SONENSHINE, J.**—Roy J. Cibulk, the executor and testamentary trustee of his wife Dorothy's estate, appeals from a portion of the trial court's order granting his Probate Code section 11640 petition for final distribution of her estate and waiver of a final account.

I

Pursuant to Dorothy's testamentary trust, Roy is the trustee and lifetime beneficiary. At Roy's death, Bank of America becomes the successor trustee and the trust assets will be distributed to Roy and Dorothy's children, David and Nancy, and Roy and Dorothy's then living grandchildren.

As part of his petition for final distribution, Roy sought to be excused from posting a trustee's bond. He filed waivers executed by David, Nancy and their minor childrens' guardian ad litem. The court granted the petition but required a $600,000 bond, "until [there is] a guardian of the estate and the guardian of the estate wants to [reduce or eliminate the bond]." Roy appealed the order granting distribution, challenging only that portion requiring the posting of a bond.

---

[1]No respondent's brief has been filed in this matter, but this "does not require an automatic reversal. [Citations.] We think the better rule is to examine the record and reverse only if prejudicial error is found." (*In re Marriage of Davies* (1983) 143 Cal.App.3d 851, 854 [192 Cal.Rptr. 212].)

## II

A trustee bond is required when the court appoints an individual other than one named in the trust instrument, the trust instrument requires a bond, or the court determines a bond is necessary to protect beneficiaries' interests. (Prob. Code, § 15602, subd. (a).) Roy was named as trustee and the trust instrument did not require a bond. Thus, a bond is required only if necessary to protect the beneficiaries.

We do not know the basis for the trial court's ruling because the judge failed to state a reason. We cannot assume she found a bond necessary for the protection of the beneficiaries because they waived its imposition. The court perhaps found the waiver invalid because a guardian ad litem must have court approval to waive a minor's fundamental right. (*Scruton* v. *Korean Air Lines Co.* (1995) 39 Cal.App.4th 1596 [46 Cal.Rptr.2d 638].) However, no beneficiary, whether minor or adult, has a fundamental right to require a trustee's bond. We therefore must conclude the trial court erred in ordering a bond.

We have found no case directly on point, but *Estate of Shapiro* (1947) 79 Cal.App.2d 731 [181 P.2d 117] is instructive. There, the decedent appointed two brothers and a son as cotrustees of a testamentary trust. The brothers declined to serve and agreed the son could act without bond. The son later resigned and his sister became the trustee. After she resigned, her brother resumed the trustee's duties. The trust beneficiaries again consented to his serving without bond. The trial court denied the application, citing Probate Code former section 1127, which then required a bond for all court-appointed trustees. The Court of Appeal reversed. "It is clear that the requirement of section 1127 of the Probate Code that the trustee furnish a bond is for the benefit of the beneficiaries and creditors of a trust. Hence, since there are no creditors, the beneficiaries of the trusts herein were entitled to waive the advantages of the law intended for their benefit." (*Estate of Shapiro, supra,* 79 Cal.App.2d at p. 734.) Similarly here, there are no creditors, and the beneficiaries consented to the trustee's serving without a bond.

That portion of the order requiring the posting of a bond is reversed. In all other respects the order is affirmed.

Sills, P. J., and Bedsworth, J., concurred.