John TARAS

v.

George P. BAKER et al.

v.

ATLANTIC AND GULF STEVE-
DORES, INC., Third-Party
Defendant.

Civ. A. No. 73–2351.

United States District Court,
E. D. Pennsylvania.

July 10, 1975.

Freedman, Borowsky & Lorry, Philadelphia, Pa., for plaintiff.

David E. Faust, Philadelphia, Pa., for defendants.

Clayton H. Thomas, Jr., Philadelphia, Pa., for third party defendant.

## MEMORANDUM

McGLYNN, District Judge.

John Taras brought this civil action against the Trustees of the Penn Central Transportation Company claiming damages for personal injuries sustained on February 7, 1971 on or about Pier 40 in Philadelphia, Pa. He pleads a cause of action under the Federal Employers' Liability Act (FELA), (45 U.S.C. §§ 51–60) alleging that at the time of his injury he was employed by the defendant Railroad within the meaning of the FELA.

Presently before this Court is the defendants' Motion for Summary Judgment pursuant to which they seek to have the action dismissed on the grounds that the pleadings, depositions, answers to interrogatories and exhibits demonstrate that plaintiff was not an employee of the defendant Railroad within the meaning of the FELA and therefore defendants are entitled to judgment as a matter of law.

We conclude that there is no genuine issue as to any material fact concerning the plaintiff's employment status and that he was not an employee of the defendant Railroad and, accordingly, the defendants' motion for summary judgment must be granted.

The incident giving rise to this suit occurred on February 7, 1971 when the plaintiff, an employee of Atlantic and Gulf Stevedores Inc. was in a gondola railroad car loaded with steel plates. The car was being pushed along the tracks from Pier 40 to Delaware Avenue by a fork lift truck operated by a co-worker, William Egan, who was his immediate supervisor. In the process, the steel plates shifted against the plaintiff's foot causing serious injury.

Atlantic and Gulf was under contract with the defendant Railroad, as an independent contractor, to load and unload rail cars along side vessels, at open or covered piers, or on apron tracks of covered piers; to transfer freight; to load or unload cargo in trailers or rail cars; and, to perform "accessorial services" relating to out-bound loading of general cargo freight, e. g. cleaning cars, coopering, bracing, blocking and chocking.

Early on the day of the accident, requests had been made by Atlantic personnel to the defendant Railroad to supply engines to shift railroad cars. It was because no engines were supplied that plaintiff and his co-worker Egan, an Atlantic and Gulf supervisor, were engaged in moving the gondola from Pier 40 onto Delaware Avenue at the time plaintiff was injured. In the past, Atlantic and Gulf employees had moved defendants' rail cars in a similar manner. But at least on one occasion, Penn Central employees told Egan to stop shifting a rail car at the pier since the railroad crew would perform the shifting operation.

 In order to recover under the provisions of the FELA, the plaintiff must have been injured while being employed by the defendant Railroad, 45 U.S.C. § 51. The applicable standard for determining employment is a common-law master-servant relationship. *Kelley v. Southern Pacific Company,* 419 U.S. 318, 95 S.Ct. 472, 42 L.Ed.2d 498 (1974); *Baker v. Texas & Pacific R. Co.,* 359 U.S. 227, 79 S.Ct. 664, 3 L.Ed.2d 756 (1959); *Robinson v. Baltimore & Ohio R. Co.,* 237 U.S. 84, 35 S.Ct. 491, 59 L.Ed. 849 (1915); *Tarboro v. Reading Co.,* 396 F.2d 941 (3d Cir. 1965); *Del Vecchio v. Pennsylvania R. R.,* 233 F.2d 2 (3d Cir. 1956). The Supreme Court, in *Kelley, supra,* noted the three basic methods, under common law principles, by which a plaintiff can establish his employment with a rail carrier for FELA purposes even while he is nominally employed by another: the "borrowed servant" principle,

Restatement (Second) of Agency § 227; working for two masters simultaneously theory; Restatement § 226; and, the theory that the plaintiff is a subservant of a company that is in turn a servant of the railroad, Restatement § 5(2).

■ Any determination along the lines of the latter two principles would not be relevant to the issue in this case. The issue here is not whether the defendant Railroad controlled and directed Atlantic and Gulf employees in the performance of the contract entered into between the defendant Railroad and Atlantic and Gulf Stevedores, Inc. The issue is whether defendant Railroad controlled and directed the plaintiff in the act of moving a gondola-car, which act was outside the scope of plaintiff's employment with Atlantic and Gulf, so as to make the plaintiff an employee of the defendant Railroad under the "borrowed servant" principle. The test, therefore, is whether the defendant Railroad had immediate control and direction over the conduct of the plaintiff at the time of his accident. See, Shenker v. Baltimore & Ohio R. Co., 374 U.S. 1, 6, 83 S.Ct. 1667, 1671, 10 L.Ed.2d 709, 714 (1963); Standard Oil Co. v. Anderson, 212 U.S. 215, 29 S.Ct. 252, 53 L.Ed. 480 (1909).

Both the plaintiff and Egan were employed by Atlantic and Gulf Stevedores, Inc. which maintained control over the hiring, payment of wages, termination of employment and supervision as to place of work of all its employees; criteria indicating the lack of any control over Atlantic and Gulf employees by defendant Railroad generally. Tarboro v. Reading Co., supra, at 943.

Plaintiff's participation in the movement of the gondola was upon direct compliance with the direction of Egan, an Atlantic and Gulf supervisor.

■ No Penn Central employee moved or in any manner directed the movement of the gondola in question. No employees of the defendant Railroad were present on Pier 40 at the time of plaintiff's accident. In fact, it appears that if plaintiff and Egan had waited until the defendant Railroad supplied an engine, plaintiff would not have been injured. The movement of rail cars by Atlantic and Gulf employees on Pier 40 on other occasions as well as on February 7, 1971, was done for the benefit and accommodation of Atlantic and Gulf. If such rail car movement also benefitted the defendant Railroad, the benefit was voluntarily provided by the Atlantic and Gulf employees as an indirect accommodation to the defendant Railroad and did not represent a demonstration of the railroad's right to control the conduct of the Atlantic and Gulf employees. See, Robinson v. Baltimore & Ohio R. Co., supra, 237 U.S. at 93, 35 S.Ct. at 493, 59 L.Ed. at 853, and Shenker v. Baltimore & Ohio R. Co., supra, 374 U.S. at 7, 83 S.Ct. at 1671, 10 L.Ed.2d at 714.

Plaintiff was at all times under the direct supervision and control of Atlantic personnel and was not, at the time of his accident, under the supervision, direction or control of the defendant Railroad.

Having failed to establish that he was under the direction, supervision or control of the defendant Railroad at the time of his injury, plaintiff has not shown that he had the requisite employment status within the meaning of the FELA.

The Court finds that there is no genuine issue as to any material fact regarding the plaintiff's employment status, therefore, defendants' Motion for Summary Judgment is Granted.