**JOSEPH CHRISTMAS, Plaintiff**

v.

**VIRGIN ISLANDS WATER AND POWER AUTHORITY, CLARENCE HEDRINGTON, FRANCES HEDRINGTON, JOHN DOE I and JOHN DOE II, Defendants**

Civil No. 1980-66

District Court of the Virgin Islands

Div. of St. Croix

November 27, 1981

THOMAS ALKON, ESQ., Christiansted, St. Croix, V.I., *for plaintiff*

ERIC MOORE, ESQ. (O'BRIEN & MOORE, ESQS.), Christiansted, St. Croix, V.I., *for defendant WAPA*

STEDMAN HODGE, ESQ., St. Thomas, V.I., *for defendants Hedrington*

CHRISTIAN, *Chief Judge*

## MEMORANDUM AND ORDER

This lawsuit raises interesting issues regarding the interface of tort, contract, and property law. Defendants Virgin Islands Water and Power Authority (hereinafter "VIWAPA") and Clarence and Frances Hedrington argue that a fine line can be drawn between the different types of actions and seek to categorize the plaintiff's cause in an exclusive manner. Plaintiff, on the other hand, contends that there is an overlap among the various doctrines and that he has causes of action that sound in both contract and tort.[1] We agree with

---

[1] For an engaging discussion of the theory that the principles of contract and tort are merging into a single doctrine of civil liability that will soon be called "Contorts", see G. Gilmore, The Death of Contract 89-90 (1974). "We seem to be in the pres-

the plaintiff's contentions and therefore will not dismiss his entire case because it was not filed within the two-year limitation period imposed on tort actions by 5 V.I.C. § 31(5). We conclude that plaintiff has timely filed a complaint alleging causes of action in contract upon which he may proceed.

The relevant facts of the instant case are as follows. On March 29, 1974, plaintiff Joseph Christmas touched a television antenna situated on the roof of a house located on Plot No. 84, Estate Sion Farm, St. Croix, Virgin Islands (hereinafter "Property"). Allegedly, the antenna had previously come in contact with an overhead energized electrical transmission line. As a result of plaintiff having come in contact with the antenna, he received electrical burns which necessitated bi-lateral above the knee amputation with, of course, bodily disfigurement, pain, suffering, loss of enjoyment of life, loss of earnings and earning capacity, and an accumulation of medical expenses.

Plaintiff contends that his personal injuries were caused by breaches by defendants VIWAPA and Clarence and Frances Hedrington of two contracts and/or by the negligence of the aforesaid defendants. He alleges that defendants Clarence and Frances Hedrington, owners of the Property, had a lease agreement with him for the rental of the Property on the day the plaintiff was injured. In the lease agreement, the aforesaid defendants allegedly warranted that the Property was fit for habitation and had no latent defects. Plaintiff argues that these warranties were breached by the said defendants and as a result he suffered the injuries for which he here seeks damages.

Plaintiff urges the contractual liability of defendant VIWAPA based on an easement contract. That contract, plaintiff says, was entered into by VIWAPA on July 31, 1968, with former owners of the property, and was in effect on the day of the accident. The easement contract allegedly requires VIWAPA to repair and maintain its electrical transmission systems and distribution lines on the Property. Plaintiff argues that VIWAPA breached its maintenance and repair obligations and as a result he suffered injury.

Plaintiff's tort theory of liability is that VIWAPA negligently installed, maintained and inspected the overhead electrical trans-

---

ence of the phenomenon which, in the history of comparative religion, is called syncretism . . . 'the reconciliation or union of conflicting beliefs.'" See also Seavey, Book Review, 45 Harv. L. Rev. 209–10 (1931), where the point is made that although theoretical distinctions can be made between tort and contract, it is arguable whether these distinctions exist in reality.

mission line which, allegedly, was the cause of his injuries. He also contends that defendants Clarence and Frances Hedrington negligently failed to disclose the dangerous conditions created by the power line and negligently failed to repair the same. These two causes of action based on negligence, which are set forth in Count V of the complaint, must fail as time barred by 5 V.I.C. § 31(5)(A). They were not brought within two years after these causes accrued.

Plaintiff's contract actions, set forth in Counts I and II of the complaint, are not time barred. They were filed within the six-year period prescribed by 5 V.I.C. § 31(3)(A) for "an action upon a contract." Further, the Virgin Islands Code specifically provides that an action for "injury to the person" arising on contract is excluded from the two-year limitation period provided for in other actions for personal injury.[2] See George v. Hertz Rent-A-Car, 17 V.I. 245 (Terr. Ct. 1981). However, as defendants have vigorously argued that plaintiff has no causes of action sounding in contract, we will discuss the arguments of defendants and explain why, in our judgment, those contentions are lacking in merit.

According to defendants, plaintiff's action must be entirely in tort simply because plaintiff seeks damages for *personal injuries*. This seems to imply that recovery on a contract is limited to property damages. Defendants have simply misconstrued the nature of contract damages. Damages in contract and tort differ only in the purpose that they are meant to serve, not in the particular type of injury for which compensation may be awarded.[3]

Tort duties are imposed by law on everyone and actions in tort remedy a violation of such a universal duty. See W. Prosser, Law of Torts 613 (4th ed. 1971). The purpose of a damage award in tort is to "give a sum of money to the person wronged which, as nearly as possible, will restore him to the position he would have been in if the wrong had not been committed." M. Rosenberg, J. Weinstein, H. Smit, and H. Korn, Elements of Civil Procedure 86 (3rd ed. 1976), quoting from McCormick on Damages. Contract

---

[2] 5 V.I.C. § 31(5)(A) provides the following in pertinent part:

"(5) *Two Years*—
(A) An action for libel, slander, assault . . . *or for any injury to the person* or rights of another *not arising on contract* . . . ." (Emphasis added.)

[3] See, e.g., Cohen, The Basis of Contract, 46 Harv. L. Rev. 553, 578–79 (1933). "In emphasizing the element of injury resulting from the breach . . . this tends to put our issues in the right perspective and to correct the misleading artificial distinctions between breach of contract and other civil wrongs or torts."

duties, on the other hand, are imposed because of conduct of the parties manifesting consent to those obligations and contract actions enforce the terms of the parties' agreement. See Prosser, supra, at 613. The purpose of a damage award in contract is to give "a sum which is the equivalent of performance of the bargain—the attempt to place the plaintiff in the position he would be in if the contract had been fulfilled." M. Rosenberg, supra, at 86.

In Counts I and II of his complaint, plaintiff is clearly seeking contract damage awards. The plaintiff contends that if the contracts entered into by VIWAPA and Clarence and Frances Hedrington had been fully performed, the electrical transmission line would not have created the hazard which caused plaintiff's injuries. Hence, in order for plaintiff to obtain the "benefit of the bargain" he must be compensated for his injuries.

The United States Court of Appeals for the Third Circuit has also held that an action seeking damages for personal injuries can sound in contract and that a contract statute of limitation is to be applied in such an instance. Thompson v. Harry C. Erb, Inc., 240 F.2d 452 (3rd Cir. 1957). In Thompson, plaintiffs brought suit against defendant for personal injuries received when the plaintiffs' automobile fell into an excavation made by the defendant. The defendant was a construction contractor who had entered into a contract with the City of Philadelphia for the repairing and repaving of certain roads. The contract provided that the defendant would be liable for all personal injuries that occurred as a result of the defendant's street repair. Plaintiffs' suit against defendant was founded in contract on the theory that they were third-party beneficiaries of the defendant's contract with the City of Philadelphia. The two-year statute of limitations for tort actions had expired prior to the commencement of the lawsuit. Plaintiffs contended for the application of the six-year statute for actions of "debt grounded upon any contract". The United States Court of Appeals for the Third Circuit concluded that "Pennsylvania law, as we view it, puts a suit by a person injured and damaged through being precipitated into the excavation involved under the six-year statute of limitations where the cause is founded purely on the contract between appellee [defendant] and the owner [City of Philadelphia]." Thompson, supra, at 456.[4]

---

[4] See also Todman v. Supercar, Inc., 1979 St. T. Supp. 435 (D.V.I., Oct. 11, 1979) (U.C.C. four-year statute of limitations applies to action brought for personal injuries resulting from car accident, as the complaint alleged breach of warranty

We turn to another issue raised by defendant VIWAPA. It contends that the contract statute of limitations cannot apply as there was no contract between VIWAPA and the plaintiff.[5] Defendant VIWAPA argues that the July 31, 1968, easement agreement is not a contract. Rather, VIWAPA contends, the easement is simply an interest that it has in the land of another person. Further, argues VIWAPA, the easement contains no promises on the part of VIWAPA and creates no duties or obligations. Moreover, that defendant contends the plaintiff cannot sue on the alleged contract in any event, as the plaintiff was not a party to the easement agreement and thus not in privity of contract. We disagree with VIWAPA's construction of the easement agreement.

■ An easement agreement does create an interest in land. It is for this reason that the subject of easements is considered to be a topic of property law. However, "an easement deed . . . is, of course, a contract" to be construed and enforced according to the principles of contract law. Weyerhaeuser Co. v. Carolina Power & Light Co., 127 S.E.2d 539, 541 (N.C. 1962) (construing a right-of-way easement granted "for the purpose of constructing, operating and maintaining one electrical transmission line"). See also Merrill v. Manufacturers Light and Heat Co., 185 A.2d 573, 575 (Pa. 1962) ("[T]he grant of an easement is subject to the same rules of construction as other contracts").

■ ■ Furthermore, plaintiff need not be a signatory of the easement agreement in order to be subject to its burdens and obtain benefits flowing therefrom. Rather, all that is necessary is that the easement was intended to run with the land, that the plaintiff is the possessor of the servient estate, and that the plaintiff had notice (or record notice) of the easement. See generally Restatement of Property § 450, comment (a) (1944)[6] which provides,

> [An easement's] most important characteristic is that its
> burdens fall upon the possessor of the land with respect to

---

of a contract governed by Article 2 of the U.C.C.); George, supra (same holding as Todman); Karell v. XYZ Corp., Civ. No. 88-67 (D.V.I., January 10, 1972) (prior to the adoption of the U.C.C., six-year statute of limitations applies to a personal injury action brought under a theory of contractual products liability).

[5] Defendants Clarence and Frances Hedrington have not contended that the lease at issue was not a contract, but have limited their arguments supporting their motion to dismiss to the issue dealt with in the preceding paragraphs.

[6] The restatements of the law approved by the American Law Institute are the "rules of decision" in the courts of the Virgin Islands absent contrary local laws. 1 V.I.C. § 4.

which it constitutes an interest regardless of the circumstances under which it was created or under which he entered into possession . . . . [T]he subjection of a possessor of land to an easement in his land *is based upon his possession rather than upon his participation in the creation of the easement . . . .*" (Emphasis added.)

In the instant case, the plaintiff was subject to both the benefits and the burdens of the easement agreement. He was the possessor of the Property, by virtue of his leasehold interest, the plaintiff had notice, as the easement was recorded in the St. Croix Office of the Recorder of Deeds on August 19, 1968, and the electric line right-of-way easement is of the type that is normally intended to run with the land.

██ ██   It is also clear that defendant VIWAPA had an implied obligation under the easement at issue to maintain and repair its power lines in a manner which would protect the interests of the possessor of the Property. The easement agreement does not specifically state that VIWAPA has a duty to properly repair and maintain its equipment; rather, it states that VIWAPA has the *right* to perform such duties. However, "[i] the language of a conveyance creating an easement is so indefinite as not clearly to provide for a duty to repair, the inference to be drawn is that such duty as exists is upon the owner of the easement." That duty extends only to the possessor of the property which is burdened by the easement. Restatement of Property § 485, comment b (1944).

Illustration 3 to the Restatement of Property § 485 (1944) provides an example of a situation in which the duty to maintain and repair will be implied. The fact pattern is similar to that of the instant case.

A is the owner and possessor of Whiteacre upon which is a lumber yard. He conveys to B, an electric company, the right to place poles thereon for the purpose of supporting its electric wires. B neglects to properly maintain the poles. Because of this neglect, they fall to the ground during a storm carrying along the electric wires which fall upon some lumber piles and set them afire. A holding that B is liable for damages resulting from its failure to repair and maintain the poles is proper.

See also Center Drive-In Theatre v. City of Derby, 352 A.2d 304 (Conn. 1974) (city to which sewer pipeline easement was granted had obligation to refill breach in dike protecting the owner's prop-

631

erty, although such obligation was not specifically expressed in easement instrument); Scott v. Columbia Gulf Transmission Co., 405 S.W.2d 784 (Tenn. 1965) (power company had implied obligation to construct and maintain its gas pipeline in a manner that would least interfere with the owners' use and enjoyment of property).

Defendant VIWAPA's final argument is that even assuming a breach of contract, any such breach occurred more than six years before this action was filed. The defendant notes that this action was filed three days short of six years after the plaintiff incurred his injuries. The complaint states that the dangerous condition of the electrical transmission line was in existence *weeks* before the plaintiff's injuries occurred. The defendant concludes that the import of the foregoing is that the alleged breaches of contract occurred several weeks beyond the limitations period. We once again disagree with this defendant's contentions.

██ ██ As previously discussed, the easement at issue imposed an obligation upon VIWAPA to properly maintain and repair its electrical lines throughout the term of the easement agreement. The maintenance and repair obligation is thus a "continuing covenant". A breach of a "continuing covenant" gives rise to a cause of action each day the breach continues. Consequently, the statute of limitations begins to run anew as each breach occurs. See Indian Territory Illuminating Oil Co. v. Rosamond, 120 P.2d 349, 352–53 (Okla. 1941); Bowman v. Oklahoma Natural Gas Co., 385 P.2d 440, 447 (Okla. 1963); 54 C.J.S. Limitations of Actions § 151 (1948). In the instant action, the plaintiff has alleged that VIWAPA committed a breach of its contract within the six-year limitations period. The fact that breaches of contract also occurred beyond the limitations period is irrelevant.

## ORDER

The premises considered and the Court being fully advised,

IT IS ORDERED that the motions of defendants Virgin Islands Water and Power Authority and Clarence and Frances Hedrington to dismiss Count V of the complaint be, and the same are hereby, GRANTED;

IT IS FURTHER ORDERED that in all other respects, the motions of defendants Virgin Islands Water and Power Authority and Clarence and Frances Hedrington be, and the same are hereby, DENIED.