**PABLO PAEZ and TERESA PAEZ, Plaintiffs**

v.

**PITTSBURGH–DES MOINES CORP., Defendant**

Civil No. 381/1983

Territorial Court of the Virgin Islands

Div. of St. Croix at Kingshill

January 28, 1985

ALLAN A. CHRISTIAN, ESQ., Frederiksted, St. Croix, V.I., *for plaintiffs*

R. ERIC MOORE, ESQ., Christiansted, St. Croix, V.I., *for defendant*

SILVERLIGHT, *Judge*

## MEMORANDUM OPINION

This matter comes before the Court on Motion for Summary Judgment by defendant, Pittsburgh-Des Moines Corporation. For the reasons set forth below, defendant's motion will be granted.

## FACTS

Plaintiff, Pablo Paez, was an employee of Riggers and Erectors International, Inc. (hereinafter "Riggers" or "R & E"). Defendant, Pittsburgh-Des Moines Corporation (hereinafter "PDM") subcontracted with Riggers to build tanks at the plant site of Martin Marietta Alumina, Inc. (hereinafter "Martin Marietta") in Estate Anguilla, Frederiksted, using labor supplied by Riggers. On March 19, 1981, plaintiff sustained injuries to his left knee when the scaffolding on which he was standing collapsed and fell to the ground. At that time, plaintiff was on loan from Riggers to PDM.

Plaintiff subsequently filed a claim with, and recovered Thirty-Nine Dollars and Fifty Cents ($39.50) from, the Government Insurance Fund as workmen's compensation for his medical costs. On May 2, 1983, over two years after the date of his injury, plaintiff

filed the instant suit. Plaintiff has since amended his complaint on two occasions to add a third-party beneficiary claim and to join the Government of the Virgin Islands as a plaintiff.

Defendant now moves for summary judgment on the grounds that plaintiff's claim is barred by the two year limitation period for tort claims as provided in 5 V.I.C. § 31(5)(A). Alternatively, defendant asserts, plaintiff is limited to only those damages recoverable under the Workmen's Compensation Act.

## ISSUES

The issues before this Court are (1) whether the six year statute of limitations for contract claims is applicable to the case at bar; and (2) whether plaintiff is limited to a claim for reimbursement under the Workmen's Compensation Act. For the reasons set forth below, this Court answers both questions in the affirmative.

## DISCUSSION

Rule 56 of the Federal Rules of Civil Procedure provides that a court shall enter summary judgment where "the pleadings, depositions, answers to interrogatories, and the admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact . . ." Fed. R. Civ. P. 56(c). The court must recognize, though, that it is a drastic remedy, resolve all doubts as to the existence of genuine facts against the moving party, and view all inferences drawn from the facts in the light most favorable to the party opposing the motion. Continental Insurance Co. v. Bodie, 682 F.2d 436 (3d Cir. 1982).

Plaintiff relies on three provisions of a written agreement between PDM and Riggers to support his proposition that his cause of action is bottomed on a theory of breach of contract. Specifically, he points to the following provisions:

> (1) "PDM agrees to hold R & E and Martin Marietta harmless against any losses, claims, damages or liabilities caused solely by PDM or its subcontractors, their employees or agent."

(Plaintiff's Exhibit "A");

> (2) "Contractor [PDM] shall defend, indemnify and hold owner [R & E] harmless against all liens and claims against the premises or any structures located thereon, arising out of the work including, but not limited to, those for labor and material."

239

(Plaintiff's Exhibit "B" at ¶ 5); and

(3) "Contractor [PDM] warrants it is skilled in the construction, installation and erection of the item, and is familiar with the intended purpose of such item. Owner [R & E], in entering into this agreement, relies on contractor's skill and the contractor warrants that such item will be constructed and installed in full compliance with the plans and specifications."

(Plaintiff's Exhibit "B" at ¶ 4).

Plaintiff urges this Court to accept his position that PDM's agreement to indemnify Riggers and Martin Marietta "was entered into for the benefit of others" since "personal injury is an injury that cannot occur to Martin Marietta, but for which Martin Marietta can be liable." (Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment at p. 2). Furthermore, according to plaintiff, Martin Marietta, as a possessor of land, would be liable for any physical harm caused by the accidental or negligent acts of PDM. Since, alleges plaintiff, he would then have a cause of action against Martin Marietta, and defendant has agreed to indemnify Martin Marietta against such suits, plaintiff may now bring suit as a third-party beneficiary of the contract.

Plaintiff contends further that defendant breached a clause in the PDM/Riggers contract which provided:

[PDM] shall perform the work in a safe manner, and shall comply with all safety regulations, of [R & E] and all applicable laws, ordinances, rules and regulations pertaining thereto, and shall use [PDM's] best efforts to insure the observance thereof by all subcontractors and materialment. [sic]

(Plaintiff's Exhibit "D"). Hence, claims plaintiff, since defendant breached this provision of the agreement, plaintiff "is a third-party beneficiary and seeks to recover thereunder for the breach of the agreement which proximately caused his personal injuries." (Plaintiff's Response to Defendant's Memorandum at p. 5). This Court finds plaintiff's position to be untenable, at best.

In order to bring suit on the PDM/Riggers contract, plaintiff must be either a party to or an intended beneficiary of the contract. Paez is neither. Plaintiff concedes that he is not a party to the contract. He baldly asserts, however, that he is an intended beneficiary within the meaning of Section 302 of the Restatement [Second] of

Contracts.[1] Section 302. Intended and Incidental Beneficiaries provides:

(1) Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either

(a) the performance of the promise will satisfy an obligation of the promise to pay money to the beneficiary; or

(b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.

(2) An incidental beneficiary is a beneficiary who is not an intended beneficiary.

Accordingly, as an intended beneficiary, plaintiff must show that giving him a right to performance by PDM effectuates the intent of both PDM and Riggers. Williams v. Virgin Islands Water and Power Authority, 672 F.2d 1220, 1228 (3d Cir. 1982). There is no evidence before this Court to show that either PDM or Riggers intended to confer any benefit upon plaintiff. Indeed, each provision of the contract which has been cited by plaintiff either reflects the intent to benefit Riggers and/or Martin Marietta, or is wholly unsupportive of plaintiff's theory.

For instance, plaintiff's Exhibit "A" benefits only Riggers and Martin Marietta. Moreover, no benefit accrues to either party unless it is deemed liable for acts which had been caused by PDM or its subcontractors. It is only after such a finding that either Martin Marietta or Riggers can look to PDM for indemnification of any losses.

Plaintiff's Exhibit "B" at paragraph 5 is also unsupportive of plaintiff's claim. Paragraph 5 refers to liens and claims against *the premises or any structures* located thereon . . ." (emphasis added). Clearly, this is an indemnification clause for claims against the property as opposed to those based upon the negligence of a party as is now the case before the Court.

Paragraph 4 of plaintiff's Exhibit B, in its entirety, is an express warranty of fitness for the particular intended purpose of the tanks

---

[1] The Virgin Islands Code states:

The rules of the common law, as expressed in the restatements of the law approved by the American Law Institute, and to the extent not so expressed, as generally understood and applied in the United States, shall be the rules of decision in the courts of the Virgin Islands in cases to which they apply, in the absence of local laws to the contrary. 1 V.I.C. § 4.

in question, as provided in the Virgin Islands Uniform Commercial Code at 11A V.I.C. § 2—313. Furthermore, paragraph 4 pertains to the right of Riggers to reject the materials and/or workmanship provided by defendant. Again, there is no evidence that plaintiff was an intended beneficiary of defendant's warranty of fitness for a particular purpose. Furthermore, the record is devoid of any evidence that defendant breached its warranty of fitness.

Finally, plaintiff's assertion that he is entitled to bring suit as a third-party beneficiary since defendant allegedly breached its agreement to "perform the work in a safe manner and [to] comply with all safety regulations . . ." is without merit. The mere occurrence of the incident in question does not give rise to a presumption or prove that defendant performed the work in an unsafe manner. No competent evidence has been presented to this Court by affidavit, deposition, interrogatories or otherwise, establishing that defendant has failed to safely perform its work. Nor has plaintiff cited any regulations, laws, ordinances or rules with which defendant has not complied.

While plaintiff may somehow be an incidental beneficiary of the PDM/Riggers agreement, that status does not confer any benefits upon plaintiff. As provided in the Restatement [Second] of Contracts, Section 315, Effect of a Promise of Incidental Benefit:

> An incidental beneficiary acquires by virtue of the promise no right against the promisor or the promisee.

Likewise, plaintiff has acquired no right against either PDM or Riggers under a breach of contract theory.

Hence, since plaintiff was neither a party to nor an intended beneficiary of the PDM/Riggers contract, he may not successfully bring suit against PDM for breach of its contract with Riggers. Accordingly, the statute of limitations for contract claims is not applicable to the case at bar. Rather, the limitation period for tort claims is applicable to this matter.

## LIMITATION PERIOD FOR TORTIOUS ACTS

5 V.I.C. § 31(5)(A) provides a two-year limitation period for personal injury claims. Plaintiff alleges that his injury "was proximately caused as the direct result of the deliberate and reckless disregard for the safety of Paez in that PEM (sic) knowingly failed to stabilize the flange." (Plaintiff's Amended Complaint (Second) at ¶ 13). Plaintiff sustained his injury on March 19, 1981. The instant

suit was filed on May 2, 1983. More than two years has elapsed between the date of the accident and the filing of this suit. Accordingly, under 5 V.I.C. § 31(5)(A), plaintiff is barred from maintaining the instant suit.

## WORKMEN'S COMPENSATION

■ ■ Even assuming arguendo that plaintiff's claim is not time barred, his suit must still fail since his sole remedy lies in the Workmen's Compensation Act. The Virgin Islands Workmen's Compensation Act is applicable to all employers who employ one or more employees and to all employees except those who fall within exceptions not applicable to the instant case. 24 V.I.C. § 251. Employers include contractors and subcontractors. Id. When an employer is insured, the right established to obtain compensation is the only remedy against the employer. 24 V.I.C. § 284.

■ In the case at bar, PDM subcontracted with plaintiff's primary employer, Riggers and Erectors, to build tanks using employees loaned by Riggers. Plaintiff was one such employee utilized by defendant. Under the common law loaned servant doctrine, when an employer furnishes a third party with an individual to do work under the third party's exclusive control, that individual becomes the servant of the third party. Shenker v. Baltimore & Ohio R. Co., 374 U.S. 1 (1963). The test, therefore, is whether PDM had immediate control and direction over the conduct of Paez at the time of his accident. Taras v. Baker, 411 F. Supp. 426, 428, (E.D.Pa.), aff'd, 535 F.2d 1245 (3d Cir. 1975).

■ Plaintiff's claim is premised upon his assertion that he "was on loan to and under the direction and supervision of PDM" at the time of his accident. (Plaintiff's Amended Complaint (Second) ¶ 9). Defendant admits in its response to plaintiff's interrogatories that plaintiff was employed and paid by defendant during 1981. (Defendant's Response to Plaintiff's Interrogatories (First Set) ¶ 6). All evidence before this Court indicates that plaintiff was under the exclusive control of defendant during the time he sustained his injuries. Hence for purposes of Workmen's Compensation, PDM was plaintiff's employer. Accordingly, plaintiff must seek any remedies which may be available to him under the Workmen's Compensation Act.[2]

---

[2] The Court notes that plaintiff has accepted Thirty-Nine Dollars and Fifty Cents ($39.50) from Workmen's Compensation in payment of his medical bills.

## CONCLUSION

For the foregoing reasons, defendant's Motion for Summary Judgment will be granted.

## ORDER

For the reasons set forth in the Memorandum Opinion filed on even date herewith, it is

ORDERED that defendant's Motion for Summary Judgment is GRANTED.

---

His election to pursue his claim under Workmen's Compensation is a bar to any further recovery against his employer in tort.

Furthermore, plaintiff's joinder of the government is an attempt to utilize 24 V.I.C. § 263. That provision allows an employee to bring suit against a third party for an injury which has been caused under circumstances making that third party responsible for such injury. The employee may not, however, institute any action against the third party unless the Commissioner is a party to the action. However, as noted at page 243, supra, defendant was plaintiff's employer for purposes of the Workmen's Compensation Act. Accordingly, Section 263 is not applicable to defendant.