■ BETTY GLUCKIN, Respondent, v INSURANCE COMPANY OF NORTH AMERICA, Appellant.—Order of the Supreme Court, New York County (Carmen Ciparick, J.), entered on November 28, 1989, which, *inter alia,* denied defendant's motion for summary judgment, unanimously reversed, on the law, the motion granted and the complaint dismissed, without costs. The clerk is directed to enter judgment in favor of defendant dismissing plaintiff's complaint.

Plaintiff-respondent concededly failed to commence an action against the insurer within the contracted two-year limitation period. Plaintiff's counsel argues that the insurer's adjuster told him that "I could take my time" submitting detailed estimates of plaintiff's claim. This conversation, denied by defendant's adjuster, allegedly took place in March of 1984. Under the contract, suit had to be initiated by August 25, 1984. Defendant had previously offered to settle the claim for a specific amount on February 10, 1983, but plaintiff rejected the offer. Plaintiff did not retain counsel until August of 1983, when a second water damage claim arose.

On this record, the true cause of the delay appears to be law office failure on the part of plaintiff's counsel, rather than any waiver or conduct giving rise to an estoppel on the part of the

insurer. Plaintiff's counsel finally submitted the estimates to the insurer on November 20, 1984. The estimate submitted was dated December 12, 1983, and was thus available to plaintiff's counsel at the time he claimed to have needed more time to obtain detailed estimates.

The record further supports the explanation of law office failure by plaintiff's own deposition testimony that her counsel was difficult to reach during 1984 due to illness and other personal problems.

Assuming as we must the truthfulness of plaintiff's allegations with respect to the claimed conversation, the mere statement "take your time", when at least four months remained in which to commence an action, is not sufficient to constitute waiver or estoppel. *(See, Blitman Constr. Corp. v Insurance Co.,* 66 NY2d 820, 823.) Concur—Murphy, P. J., Kupferman, Milonas, Rosenberger and Ellerin, JJ.