**CASSANDRA CHAPMAN, Plaintiff,**
**vs.**
**CAFE MADELEINE, Defendant.**

Civil No. 91/1995

Territorial Court for the Division of Virgin Islands

Division of St. Croix

October 30, 1998

RONALD E. RUSSELL, ESQ. (Ronald E. Russell, P.C.), Frederiksted, St. Croix, U.S.V.I., *Attorney for Plaintiff*

FRANKLIN G. QUOW, ESQ. Law Offices of R. Eric Moore, Downtown Station, Christiansted, St. Croix, U.S.V.I., *Attorney for Defendant*

CABRET, *Judge*

## MEMORANDUM OPINION

Cassandra Chapman sued Cafe Madeleine for damages she allegedly sustained upon finding a "chewy" piece of latex in her soup while dining at the restaurant.[1] In her complaint, Chapman alleged that when she complained to the restaurant's staff, they

---

[1] Complaint at paragraph 5. Glenn B. Wallace, Chapman's dining companion that evening, also joined in the complaint. The Court dismissed Wallace, however, for violating its Order that he respond to Cafe Madeleine's discovery responses.

told her it was probably flower packaging used by the florist. Although Chapman finished her meal, in the days that followed she investigated the matter further and became very concerned that the substance may have been a diseased condom. According to Chapman, "[a]s a direct and proximate result of [Cafe Madeleine's] negligence, and breach of the implied warranty of fitness and merchantability, [she] sustained severe and permanent mental and physical anguish, emotional distress, and bodily injury. . . ."[2] Chapman prayed for damages resulting from present and future medical expenses, mental anguish and emotional distress. In its answer, Cafe Madeleine denied Chapman's allegations. The matter is now before the Court on Cafe Madeleine's motion for summary judgment. In support of its motion, Cafe Madeleine argues that Chapman's negligence claim is barred by a two-year statute of limitation. Cafe Madeleine also contends that it is entitled to summary judgment on Chapman's breach of warranty claim because there is no evidence she suffered any physical injuries as a result of her alleged emotional distress. For reasons which follow, the Court finds that Cafe Madeleine is entitled to summary judgment on both claims.

## I. SUMMARY JUDGMENT STANDARD

To prevail on its motion for summary judgment, Cafe Madeleine must show that "[t]he pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that [it is] entitled to a judgment as a matter of law." Fed. R. Civ. P. 56 (c). Under this standard, Cafe Madeleine "bears the initial burden of showing that no genuine issue of material fact exists. But once [Cafe Madeleine] properly supports a motion for summary judgment, [Chapman,] 'may not rest upon the mere allegations or denial of [her] pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial.' Any doubts are resolved in favor of [Chapman] whose allegations are taken to be true." *Mingolla v. Minnesota Mining and Mfg. Co.*, 893 F.Supp. 499, 503 (D.V.I. 1995) (citations omitted). In determining whether Cafe

---

[2]Complaint at paragraph 8.

Madeleine has met its initial burden, the Court must view the evidence in a light most favorable to Chapman as the party opposing the motion. See *Fleming v. Frett*, 33 V.I. 58, 60 (Terr. Ct. 1995).

## II. EVIDENCE

According to Chapman's complaint, the incident occurred on February 3, 1993. The next morning, she spoke with a florist to verify the restaurant's explanation that the substance was probably flower packaging. When the florist told Chapman that flowers are not usually packaged in latex, she started to worry "about the horrible possibility of the 'chewy thing' having been a condom; about AIDS and other related veneral (sic) diseases. . . ."[3] Chapman stated in an interrogatory response that as a result of the incident she sustained "[n]o visible physical injuries, but definitely psychological injuries. I can still feel the rubber being chewed. I see myself taking it out of my mouth and looking at this off-white piece of rubber (?) In my hand." (Question mark in original).[4] Similarly, when asked by Cafe Madeleine to identify every element of her damages, Chapman responded: "Mental anguish, worry in the past, present and in the future. I still think about the incident."[5] Though the parties state in their briefs that Chapman filed her complaint on February 6, 1995, the Court's records show that the complaint was not filed until February 7, 1995.

## III. DISCUSSION

### A. Chapman's Negligence Claim

■ Under Virgin Islands law, claims of negligence resulting in personal injuries must be filed within two years of the date of the injury. V.I. Code Ann. tit. 5, § 31 (5) (A) (1997). Because Chapman filed her complaint on February 7, 1995, which is more than two years after February 3, 1993, the date she was allegedly injured, she is barred from maintaining her negligence claim against Cafe

---

[3] Complaint at paragraph 5.

[4] Pl.'s response to Defendant.'s interrogatory number 4.

[5] Pl.'s response to Defendant.'s interrogatory number 17.

Madeleine. See *Paez v. Pittsburgh-Des Moines Corp.*, 21 V.I. 237, 242-43 (Terr. Ct. 1985).

## B. Chapman's Breach of Warranty Claim.

■ Unlike her tort claim, however, Chapman's warranty claim is governed by the Uniform Commercial Code which provides a four-year statute of limitation. V.I. Code Ann. tit. 11A, § 2-725 (1) (1997). This claim is "based upon the liability of [Cafe Madeleine] who, as a vendor of food, is deemed by statute to have impliedly warranted the [soup] to be wholesome and fit for human consumption." *Bronson v. Club Comanche, Inc.*, 6 V.I. 683, 686 (D.V.I. 1968). The potential liability for breach of the warranty is established by V.I. Code Ann. tit. 11A, § 2-314 (1) (1997) which provides that "[u]nless excluded or modified [as provided for under § 2-316], a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. Under this section the serving for value of food or drink to be consumed either on the premises or elsewhere is a sale." Thus, under the statute, a restaurant keeper implicitly warrants "that the food he serves his customers is wholesome, contains no deleterious substances and is fit for human consumption. The implied warranty imposes a strict liability upon him making him liable to his customers even though in the exercise of all possible care in the purchase and preparation of the food he could not discover its unwholesome nature." *Bronson*, supra at 687 (footnote omitted).

Though Cafe Madeleine does not dispute that Chapman can maintain a cause of action for a breach of the implied warranty of merchantability, the restaurant argues that her claim of damages resulting from emotional distress is insufficient as a matter of law. More specifically, Cafe Madeleine asserts that the Restatement (Second) of Torts precludes Chapman's claim of liability for emotional disturbance without any accompanying bodily injury. In this regard, the Restatement (Second) of Torts § 436A (1965) provides that "[i]f the actor's conduct is negligent as creating an unreasonable risk of causing either bodily harm or emotional disturbance to another, and it results in such emotional disturbance alone, without bodily harm or other compensable damage, the actor is not liable for such emotional disturbance."

164

There are three reasons why the Restatement does not allow damages for emotional disturbances alone.

> One is that emotional disturbance which is not so severe and serious as to have physical consequences is normally in the realm of the trivial, and so falls within the maxim that the law does not concern itself with trifles. It is likely to be so temporary, so evanescent, and so relatively harmless and unimportant, that the task of compensating for it would unduly burden the courts and the defendants. The second is that in the absence of the guarantee of genuineness provided by resulting bodily harm, such emotional disturbance may be too easily feigned, depending, as it must, very largely upon the subjective testimony of the plaintiff; and that to allow recovery for it might open too wide a door for false claimants who have suffered no real harm at all. The third is that where the defendant has been merely negligent, without any element of intent to do harm, his fault is not so great that he should be required to make good a purely mental disturbance.

Restatement (Second) Torts § 436A cmt. b (1965).[6]

Although section 436A specifically applies to negligence claims, it nevertheless provides the Court with guidance in determining whether Chapman has alleged a cognizable claim for damages. See *Walters v. Mintec/International*, 758 F.2d 73, 78 (3rd Cir. 1985). This is true because whether a cause of action for emotional disturbance is based on fault or on strict liability, the first two reasons stated in comment b, which are concerned with precluding recovery of trivial and unsubstantiated damages for personal injuries, are applicable regardless of fault. *See id.*

It is clear that upon applying section 436A to the evidence in this case, Chapman's claim of damages for emotional disturbance fails as a matter of law. The only evidence of Chapman's injuries, which

---

[6] Even most jurisdictions that do not rely on the Restatement require, "as a guarantee of the genuineness of the plaintiff's claim for emotional distress, . . . a substantial bodily injury or illness before recovery is allowed." J.D. Lee and Barry A. Lindahl, Modern Tort Law § 32.11 (Rev. Ed. 1990) (footnote omitted).

derives from her interrogatory responses, shows that she sustained "[n]o visible physical injuries, but definitely psychological injuries."[7] In another response, Chapman elaborated that she has suffered: "Mental anguish, worry in the past, present and in the future. I still think about the incident."[8] This evidence is plain and palpable and undoubtedly establishes that Chapman suffered "emotional disturbance alone, without bodily harm or other compensable damage." Restatement (Second) of Torts § 436A (1965).

Though the Court is unaware of any case in this jurisdiction where a court has applied these principals to a breach of implied warranty claim, neither is it aware of any precedent which precludes such application. Moreover, at least one other jurisdiction has denied recovery for breach of implied warranty under the same circumstances. In *Harrison v. Canada Dry Corp.*, 245 A.2d 642 (D.C. 1968), the plaintiff found what appeared to be dead cockroaches in a bottled beverage he was drinking. He sued the defendant for breach of the implied warranty of merchantability. Plaintiff's testimony at trial revealed that the "sight" of the cockroaches caused him to vomit and that he felt sick for two weeks after the incident. *Id.* at 643. On appeal from a directed verdict in favor of the defendant, the court found: "The only reasonable conclusion to be drawn from [plaintiff's] testimony was that he suffered no substantial physical injury from drinking from the bottle and that his illness was the result of his psychological reaction to seeing what he thought was deleterious matter in the bottle." *Id.* The court expressly held that it does not matter whether the claim is for breach of warranty rather than negligence, because both actions are "predicated on an alleged injury caused by consumption of unwholesome beverage." *Id.* (footnote omitted).

■ The Court finds compelling the guiding principles articulated in section 436A and *Harrison*. These principles clearly establish that regardless of fault, Chapman still has the burden of proving that she suffered a cognizable injury as a result of Cafe Madeleine's alleged breach of warranty. See *Bronson*, supra; see

---

[7] Pl.'s response to Defendant.'s interrogatory number 4.

[8] Pl.'s response to Defendant.'s interrogatory number 17.

also *Garcia v. Edgewater Hosp.*, 613 N.E.2d 1243, 1249 (Ill.App. 1993). Though faced with this burden, Chapman presented no evidence showing that she suffered anything more than emotional disturbance from the incident, and she also cited no authority establishing that such injury alone is compensable under any cause of action. Under these circumstances, the Court finds that Cafe Madeleine has met its burden of proving that "there is no genuine issue as to any material fact and that [it is] entitled to a judgment as a matter of law." Fed. R. Civ. P. 56 (c).

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Cafe Madeleine is entitled to summary judgment on both Chapman's negligence claim and breach of implied warranty claim. The negligence claim is clearly barred by the applicable statute of limitation. And, although the warranty claim is viable, Chapman failed to show that she suffered a compensable injury in response to Cafe Madeleine's motion, Accordingly, as to both claims "there [are] no genuine issue[s] as to any material fact and [Cafe Madeleine is] entitled to a judgment as a matter of law." Fed. R. Civ. P. 56 (c).