**VALERIE ABRAMSEN, Plaintiff**

**v.**

**VINCE BEDMINSTER, and DEVCON INTERNATIONAL CORP.,**
**Defendants**

Civil No. 700/2000

Territorial Court for the Virgin Islands

Division of St. Thomas and St. John

August 13, 2002

JUDITH L. BOURNE, ESQ., Law Office of Judith L. Bourne, Esq., St. Thomas, Virgin Islands, *Attorney for Plaintiff*

WILLIAM J. GLORE, ESQ., Hymes & Zebedee, P.C., St. Thomas, Virgin Islands, *Attorney for Defendants*

SWAN, *Judge*

4

## MEMORANDUM OPINION

### (August 13, 2002)

Before the Court is Defendants Vince Bedminster ("Bedminster") and Devcon International Corporation's ("Devcon") Joint Motion for Summary Judgment. Defendants contend that the statute of limitations had expired on the plaintiff's cause of action before she filed this lawsuit.[1] Therefore, plaintiff's suit is barred and should be dismissed. Defendant asserts, however, that plaintiffs had waived the defense of the statute of limitations. For the reasons enumerated below, Defendants' Motion for Summary Judgment will be granted, and this case will be dismissed.

### FACTS

The plaintiff, Ms. Valerie Abramsen ("Abramsen"), sustained personal injuries in a vehicular accident on November 24, 1998. She filed this lawsuit on December 4, 2000, more than two years after the accident and later than the two years provided by the statute of limitations for initiating a personal injury tort action. 5 V.I.C. 31(5). After both defendants filed for summary judgment, invoking the statute of limitations as a bar to this suit, plaintiff asserts that defendants waived the defense of the statute of limitations by implicitly acknowledging liability through an oral statement by Defendants' insurance adjustor.

Essentially, Abramsen asserts that on November 24, 1998 a concrete truck owned by Devcon and negligently operated by Bedminster, within the scope of his employment with Devcon, collided with her vehicle damaging her vehicle and injuring her. In March 1999, Abramsen's attorney presented her claims to the defendants and to their insurance company seeking a settlement of the claims. Subsequently, a settlement was consummated only for Abramsen's property damage claim. The parties left unresolved plaintiff's personal injury claim against Defendants. Therefore, on December 4, 2000 Abramsen filed this suit against Defendants seeking damages for her injuries, alleging that she sustained them because of Bedminster's negligence. In its April 2, 2001

---

[1] 5 V.I.C. § 31(5) Civil actions shall only be commenced within the periods prescribed below after the cause of action shall have accrued ... Two years; An action for libel, slander, assault, battery, seduction, false imprisonment, or for any injury to the person.

answer, Devcon pled the defense of the statute of limitations. In furtherance of this defense, Devcon filed a motion for summary judgment on December 11, 2001.[2] On December 27, 2001 Abramsen filed her opposition to Defendant's Motion for Summary Judgment. In her filing, Abramsen argues that defendants had waived the statute of limitations in an alleged phone conversation between defendants' insurance adjustor and a paralegal employed by Abramsen's counsel. The paralegal filed an affidavit, stating that the insurance adjustor said to him "Whenever she [Abramsen] stops going to the doctors and when she is all right let me know and send in the specials."[3] Abramsen asserts that this statement is not only an admission of liability but also constitutes a waiver of the defense of the statute of limitations. Thereafter, on February 28, 2002, Devcon filed a Memorandum in reply to the Plaintiff's Objection to Defendants' Motion for Summary Judgment.

## ANALYSIS

■ Devcon and Bedminster assert that Abramsen's claim is barred by the two-year statute of limitations established for personal injury actions. Courts have strictly enforced the two-year time limit and have dismissed lawsuits filed in violation of the statute of limitations. *See Paez v. Pittsburgh-Des Moines Corporation*, 21 V.I. 237 (Terr. Ct. 1985) and *Chapman v. Café Madeleine*, 39 V.I. 161 (Terr. Ct. 1998). In *Paez*, the

---

[2] At some point in the litigation, the same attorney commenced representing both defendants, as indicated by the February 28, 2002 Defendants' Memorandum in Reply to the Plaintiff's Objection to Defendants' Motion for Summary Judgment.

[3] The affidavit in full:

I, Glenn K. Curtis, being of lawful age, on oath depose and say:

1. I am a certified paralegal and have been employed by Attorney Judith L. Bourne to assist her in her representation of this client.

2. In this capacity, I spoke on several occasions with Roy Smart of Crown Caribbean, Inc. who was representing the insurance company.

3. When we settled the property damage claim in March 1999, Mr. Smart told me "whenever she [Ms. Abramsen] stops going to the doctors and when she is all right, let me know and send in the specials".

4. Mr. Smart's directive, together with the settlement of the claim for property damage, was understood as an acknowledgment of liability by the insurance company on behalf of Devcon International Corp. and a waiver of any defense based on the Statute of Limitations.

6

plaintiff sued for damages, arising from personal injuries he sustained after falling from a scaffold. *Paez* at 238. His injury occurred on March 19, 1981, but he did not file suit until May 2, 1983, approximately two years and 44 days after the accident. *Id.* at 242. The court dismissed the case, concluding that "More than two years has elapsed between the accident and the filing of the suit. Accordingly, under 5 V.I.C. § 31(5)(A), plaintiff is barred from maintaining the instant suit." *Id.* at 243. In *Chapman*, the plaintiff discovered a piece of plastic in her soup and filed an action seeking damages for the personal injuries (mental anguish) she suffered as a result of the defendant's alleged negligence. *Chapman* at 161, 162. The plaintiff's suit was filed on February 7, 1995, only two years and four days after she was allegedly injured on February 3, 1993. *Id.* at 163. The court barred Chapman's suit, maintaining that her suit was filed after the expiration of the statute of limitations. *Id.* at 163, 164. *See also Christmas v. Virgin Islands Water and Power Authority*, 18 V.I. 624, 527 F. Supp. 843 (D.C.V.I. 1981).

Abramsen further contends that the statement by the insurance adjustor represented a waiver of the defendants' right to plead the statute of limitations defense to her action. In support of this contention Abramsen cites two cases, *Wilburn v. Pepsi-Cola Bottling Company*, 492 F.2d 1288 (8th Cir. 1974) and *Bergeron v. Mansour*, 152 F.2d 27 (1st Cir. 1945). Abramsen also invites attention to instances in the text of the cases where elements of waiver are specifically mentioned. However, a cursory review of these two cases reveals that they address the issue of estoppel rather than waiver of the defense of the statute of limitations. Yet, Abramsen does not argue any facts that can conceivably establish a theory of estoppel; therefore, the underpinning of plaintiff's claim is still the issue of waiver.

In *Wilburn* the plaintiff brought a personal injury suit after the time in the statute of limitations had lapsed. *Wilburn* at 1289. She sought leave to amend her complaint to assert that the defendant's actions constituted a waiver, precluding it from invoking the defense of the statute of limitations. *Id.* The trial court refused to grant the motion. *Id.* *Wilburn* is clearly distinguishable from this case because of the nature of the relief sought in both cases. In *Wilburn* the plaintiff appealed seeking leave to amend the complaint. *Id.* The appellate court ordered that plaintiff be given leave to amend the complaint. *Id.* However, the court specifically noted, "the substantive issue of the adequacy of the defense of estoppel is

not before us on this appeal and we intimate no decision on the merits." *Id.* at 1290. This Court has already allowed Abramsen to amend the complaint. Consequently, the issue in this case continues to be waiver of the statute of limitations defense. However, *Wilburn* does not directly address this issue. Therefore, the citing of this case by Abramsen is misplaced.

Similarly, *Bergeron* addresses substantive issues regarding estoppel and therefore, offers no support to Abramsen. *See Bergeron* at 27. In *Bergeron* the plaintiff suffered injuries in an automobile accident. *Id.* at 29. An adjustor representing the defendant's insurance company immediately contacted the plaintiff's father. *Id.* The adjustor told the father that the insurance company was willing to pay for all of plaintiff's damages and emphasized that she did not need to retain an attorney. *Id.* On at least three occasions thereafter, the adjustor repeatedly assured the plaintiff and her father that the bills would be paid. *Id.* However, the adjustor's helpful and reassuring manner changed abruptly following the running of Massachusetts' one-year statute of limitations for tort suits involving vehicular accidents. *Bergeron* at 30. The adjustor informed the plaintiff that it was too late to file a lawsuit, because a year had elapsed since the accident and that any lawyer would tell her that she could no longer initiate suit on her claims. *Id.* The *Bergeron* Court held that the defendant was precluded from asserting the defense of statute of limitations, because it would be unconscionable to allow the adjustor to benefit from lulling the plaintiff into a false sense of security, causing her to compromise her claim to her detriment. *Id.* The *Bergeron* Court further noted that very early the United States Supreme Court had addressed the subject in *Thompson v. Phenix Insurance Company*, 136 U.S. 287, 299, 34 L. Ed. 408, 10 S. Ct. 1019 (1890), writing "it would be contrary to justice for the insurance company to hold out the hope of an amicable adjustment of a loss, and thus delay the action of the insured, and then be permitted to plead this very delay, caused by its course of conduct, as a defense to the action when brought." *Id.* The *Bergeron* Court then discussed estoppel and wrote, "A person is estopped from denying the consequences of his conduct where the conduct has been such to induce another to change his position in good faith or such that a reasonable man would rely upon the representations made." *Id.* In affirming the trial court's holding that the defendant was estopped from pleading the statute of limitations, the appellate court also noted that "an

express promise to waive the statute of limitations [is not] necessary to estop a party from pleading the statute as a defense." *Id.* Thus, *Bergeron* establishes that the statute of limitations may be overcome by a showing of estoppel.

Nonetheless, Abramsen's case derives only miniscule benefit from the law as expounded in *Bergeron*. The plaintiff in *Bergeron* showed a pattern of significant action by the insurance adjustor, including repeated promises to pay the medical bills and requests to avoid attorneys. *Id.* at 28-30. Abramsen, however, only relies on a single incident, an innocuous request for bills by the defendants' insurance adjustor, as the totality of her contention that defendants waived the statute of limitations. The adjustor's statement, at best, is an overture to pursue future settlement negotiation. Conspicuously absent from the insurance adjustor's statement is any reference or mention of a waiver or any reference, inferentially or otherwise, of the statute of limitations. There is nothing in the adjustor's statement to remotely suggest or infer that the defendants were waiving the statute of limitations. Significantly, there is no assertion by Abramsen that the adjustor did something from which his conduct can be regarded as a waiver of the statute of limitations by defendants.

The plaintiff in *Bergeron* did not retain an attorney who could have protected her rights. *Id.* at 30. In this case, the exact opposite occurred. Abramsen had retained experienced legal counsel approximately eighteen months prior to the expiration of the statute of limitations.[4] The adjustor in *Bergeron* displayed knowledge of the statute of limitations and the court could unhesitatingly find that he deliberately misled the plaintiff to her detriment. *Id.* Importantly, Abramsen has presented no evidence that the adjustor for her case deliberately misled her concerning the statute of limitation in order to prevent her from asserting her legal rights, or that he even knew of the statute of limitations. Moreover, the court record is absolutely devoid of any acts of fraud, deceit or bad faith on the part of the adjustor which inured to Abramsen's detriment.

Additionally, under Virgin Islands law, a party may be prevented from asserting a legal right or affirmative defense through showing of a

---

[4] According to Glenn Curtis's affidavit the property settlement claim was settled in March 1999, more than eighteen (18) months before the statute of limitations expired.

9

waiver. *See Marcelly v. Mohan*, 16 V.I. 575 (Terr. Ct. 1979), *Virgin Islands National Bank v. Tropical Ventures, Inc.*, 9 V.I. 429 (D.V.I. 1973), *Gaffney v. The Virgin Islands Products Corporation*, 1 V.I. 283 (D.V.I. 1930). Abramsen argues that Devcon may not assert the defense of statute of limitations because the actions of the insurance adjustor constitute a waiver. According to Virgin Islands law, a waiver is "an intentional relinquishment of a known right or privilege." *Marcelly*, 16 V.I. at 580. Similarly, a "waiver is a voluntary and intentional abandonment or relinquishment of a known right." *Murdock v. Murdock*, 338 S.C. 322, 332, 526 S.E.2d 241, 246 (Ct. App. 1999), *see also Roberts v. Mecosta County General Hospital, et. al.*, 466 Mich. 57, 642 N.W.2d 663 (2002) (a waiver requires an intentional and voluntary relinquishment of a known right.) In *Marcelly*, the plaintiff attempted to recover delinquent rent, while the defendants asserted that since the property was subject to a rent control law (28 V.I.C. § 835 and § 836) the plaintiff's rent increases were invalid. *Id.* at 577. The plaintiff argued that the defendants had waived their right to rely on the rent control law by failing to object to the rent increase. *Id.* The court rejected this argument writing that "To constitute a waiver of a legal right a party must have knowledge of such right and an evident purpose to surrender it ... Nothing in the record supports the contention that either defendant had knowledge of their legal rights under the rent control law, let alone an evident purpose to surrender such rights." *Id.* at 580. Similarly, the facts of this case do not support Abramsen's contention that Defendants' insurance adjustor intended to waive defendants' rights to assert the defense of the statute of limitations, or even that the adjustor knew it existed. Crucially, the defense of the statute of limitations may be waived if there is a clear, unequivocal and decisive act of the party showing such purpose. *Dice v. Darling*, 974 S.W.2d 641 (Mo. Ct. App. 1998). Conspicuously absent in this case is any action or conduct by defendants which can conceivably constitute the requirements for a waiver.

██ *Gaffney* also establishes that there must be a showing of intent to waive the right in order to establish a waiver. *Gaffney*, 1 V.I. at 297. The *Gaffney* court notes that "waiver depends solely upon the intention of the party against whom it is invoked, and is in that respect essentially different from 'estoppel'." *Id.* The plaintiff in *Gaffney* sought damages arising from an alleged breach of contract. *Gaffney*, 1 V.I. at 286, 290. In return for advancing to defendant funds for construction and forbearing

his salary, the plaintiff accepted a note for $4,502.53. *Id.* at 286, 287. This note constituted a lien superseding any claims except those of the United States Government. *Id.* The defendant later executed a mortgage without making it subject to any claims of the plaintiff. *Id.* at 287, 288. The court found that the defendant's actions was a breach of contract, because the defendant failed to take action to protect the contractual rights of the plaintiff. *Id.* at 294. The defendants argued that the plaintiff had waived his right to action on the breach, because he had been aware of defendants' breach for at least three and a half years before filing suit and continued to accept interest payments with no objections. *Id.* The Gaffney court exhaustively examined the issue of waiver, concluding that a waiver can be found when it can be garnered from actions that demonstrate an intent to surrender a legal right. *Id.* at 298. Reliance or belief by the other party is unimportant, "waiver depends solely upon the intention of the party against whom it is invoked, and is in that respect essentially different from estoppel." *Id.* at 297.

A mere request by the insurance adjustor for Abramsen's medical records does not demonstrate or constitute an intent to waive a legal, statutory right. Language concerning a waiver of rights is conspicuously absent from the insurance adjustor's statement. The obvious intent of the insurance adjustor's statement to the paralegal was that he or defendants be notified when Abramsen's medical treatment ceased.

In examining another case, this Court must conclude that Abramsen's objection to the Motion for Summary Judgment is not substantiated by the doctrine of waiver. *See Virgin Islands National Bank*, 9 V.I. at 434. In *Virgin Islands National Bank*, the issue presented is the validity of a confessional judgment. *Virgin Islands National Bank* at 431. The court squarely addressed the elements of waiver, first noting, "It is true that any right, even the most important, may be waived." *Id.* at 434. However, the *Virgin Islands National Bank* Court makes it clear that "waivers may be both unjust and damaging to the integrity of the legal process, and so every reasonable presumption is indulged against them." *Id.* Considering the paucity of evidence cited by Abramsen in support of her contention and the unambiguous statement of the insurance adjustor, the Court concludes that defendants did not waive nor relinquish their legal right to invoke the statute of limitations.

Statutes of limitation are a vital and integral component of the legal system. To establish a waiver of a statute of limitations requires

clear and specific language. *See United States on Behalf of Small Business Administration v. Richardson*, 889 F.2d 37 at 40 (3d Cir. 1989). In *Richardson*, the Small Business Administration (SBA) sued the defendant to collect on a debt resulting from a business loan defendant had obtained from the SBA. *Id.* at 38. The SBA did not file its case until after the six year statute of limitations had expired. *Id.* The SBA attempted to circumvent the statute of limitations by relying on a clause in the guaranty executed by the defendant in the course of the loan granting process. *Id.* The clause stated in relevant part:

> The undersigned hereby authorizes and empowers any Attorney of any court of record in the United States or elsewhere to appear for and, with or without declaration filed to confess judgment against the undersigned in favor of the Lender stated in the Guaranty on the reverse hereof, or any assignee or successor of the Lender, with interest, *at any time* for the principal amount of the loan as set forth in the Guaranty, with interest as of any term, past, present or future, with cost of suit and Attorney's commission of 15% for collection. *Id.* at 40 (Emphasis added).

The SBA argued that the phrase "at any time" operated as a waiver of the defense of statute of limitations. *Id.* The Court disagreed, noting that the phrase failed to make any mention of the term "statute of limitations". *Id.* Likewise, in this case the "statute of limitations" was never mentioned, never intimated by the insurance adjustor, and never inferred in the conversation between the insurance adjustor and the paralegal employed by Abramsen's counsel. The *Richardson* Court required an express waiver of the statute of limitations because of their great importance, noting "The Supreme Court has recognized that statutes of limitations are not 'simply technicalities' but rather, 'fundamental to a well ordered judicial system'." *Id.* The Court further notes that "These policies have led commentators to generalize that 'promise of the defendant not to raise the defense of the expiration of the limitations period must either be expressed or couched in words clearly conveying the defendant's intention not to plead the statutory bar'." *Id.* Finally, the Court held that "a statute of limitations waiver must be more clear than the one we find in this case." *Id.* at 41. Similarly, the language that Abramsen argues establishes a waiver of the statute of limitations is neither express nor unambiguously couched in words establishing any intent to relinquish

12

that right. Moreover, the paralegal never mentioned "statute of limitations" or its functional equivalent in his conversation with the insurance adjustor. Accordingly, it would require a tortuous reading of the facts and circumstances of this case in order to conclude that defendants waived their statute of limitations defense.

Looking to another jurisdiction we find that language similar to that cited by Abramsen as evidence of a waiver is not considered a waiver. *See Gluckin v. Insurance Co. of North America*, 169 A.D.2d 494, 564 N.Y.S.2d 365 (N.Y. App. Div. 1991). The Plaintiff in *Gluckin* failed to filed [sic] her suit before the statute of limitations had expired, claiming that the defendant's adjustors said she could take her time submitting detailed estimates of her claims. *Id.* at 494. The *Gluckin* Court unmistakably rejected the argument that the insurance adjustor's language constituted a waiver, writing, "the mere statement 'take your time', when at least four months remained in which to commence an action, is not sufficient to constitute waiver or estoppel." *Id.* This case is very similar to *Gluckin.*

Importantly, the complaint in this case was filed with the Court on December 4, 2000, but it was signed by Abramsen's counsel on November 17, 2000, approximately one week before the statute of limitations expired. Abramsen's counsel is an experienced and competent member of the Virgin Islands Bar Association and must be charged with real and constructive notice of the deadline imposed by the statute of limitations. It is noteworthy that the last day for filing the lawsuit within the statute of limitations was a business day on which this Court was opened for business.

Abramsen had the benefit of counsel for at least a year and a half before the expiration of the statute of limitations. This assertion is evidenced by the affidavit of Glenn Curtis, paralegal for Abramsen's counsel, who stated that in the course of representing Abramsen the property damage claim was settled in March 1999. Therefore, Abramsen cannot claim that she was a layperson overwhelmed by a more knowledgeable insurance adjustor, and therefore, she inadvertently failed to protect her right. Similarly, Abramsen cannot legitimately claim that she was unaware of the statute of limitation and the profound ramifications of not timely initiating her lawsuit.

█ The burden of proof to show that the statute of limitations should not be invoked rests with Abramsen. *See United States v. Marolf*, 173

13

F.3d 1213 (9th Cir. 1999), *see also Collins v. Nuzzo*, 244 F.3d 246 (1st Cir. 2001) ("Burden is on plaintiff to show facts sufficient to take the case out of the statute of limitation"). Abramsen has dismally failed in her burden of proof in seeking to have this Court disallow the defendants' statute of limitations defense. Abramsen is reminded of the United States Supreme Court's admonition that "Limitation periods are intended to put defendants on notice of adverse claims and to prevent plaintiffs from sleeping on their rights." *Crown Cork and Seal Company Inc. v. Parker*, 462 U.S. 345 352, 103 S. Ct. 2392, 2397, 62 L. Ed. 2d 259 (1979).

 Lastly, Abramsen has not demonstrated that defendants or their representatives acted fraudulently, with deceit, made any misrepresentations or concealed any material facts to her detriment. Likewise, there are no facts from which this Court may invoke an equitable remedy for Abramsen, thereby relieving her from the statute of limitations. She has not shown that defendants or their representatives intended to waive or did in fact waive the statute of limitations.

## CONCLUSION

Abramsen's claim is barred by the statute of limitations. Abramsen has presented nothing to this Court that can remotely support her contention that defendants waived their defense of the statute of limitations. She simply alleges that a conversation with an adjustor for the defendants' insurance company should provide the basis for concluding that defendants waived the defense of the statute of limitations. The law requires knowledge of the right to be waived and a clear intent to waive that right. The statement upon which Abramsen places reliance as establishing a waiver is disconcertingly deficient for constituting a waiver. Therefore, Defendants' Motion for Summary Judgment is granted.